[No. 20794. Department One. — June 4, 1891.]

## Ex parte GUS WILLIAMS, on Habeas Corpus.

Habeas Corpus — Prisoner Held under Certified Copy of Judgment Entered — Judgment Filed with Different Recitals. — In proceedings upon *habeas corpus* for the release of a prisoner from the state prison, the court will not determine that the document under which the petitioner is detained, and which is certified by the clerk to be a true and correct copy of the judgment "entered" on the minutes of the court, is to be disregarded or held of no effect by the production of another document, with different recitals, certified by the same officer to be a full, true, and correct copy of the original minute entry of judgment "filed" in the clerk's office.

Id. — Criminal Law — Material Parts of Judgment — Unnecessary Recitals. — The only material parts of a judgment in a criminal case are the statement of the offense for which the defendant has been convicted and the sentence of the court, and it is not necessary that anything which is contained in the papers which precede it should be repeated therein.

Id. — Burglary — Prior Convictions — Sentence. — In a prosecution for burglary in the second degree, under an information which also charges three prior convictions, when upon arraignment the defendant pleads not guilty to the crime charged, and admits the prior convictions, and is convicted of the crime of burglary in the second degree, the court does not exceed its jurisdiction in sentencing him to imprisonment in the state prison for the term of ten years allowed by law for a conviction of the second offense of burglary in the second degree.

Application to the Supreme Court for discharge upon *habeas corpus.* The facts are stated in the opinion of the court.

*Carroll Cook,* and *J. E. Foulds,* for Petitioner.

Burglary in the second degree is punishable by not more than five years' imprisonment. (Pen. Code, sec. 461.) The punishment must not exceed the maximum stated in the statute. (Pen. Code, sec. 13; *People* v. *Riley,* 48 Cal. 549; Pen Code, secs. 666, 667; *People* v. *King,* 64 Cal. 338.) The judgment must be entered in the minutes of the court. (Pen. Code, sec. 1207.) A certified copy of the minute entry of judgment is the only authority for detention. (Pen. Code, secs. 1213, 1216, 1455.) The court had no power to render the judgment rendered, therefore it is void, and the prisoner should be released on *habeas corpus.* (*Ex parte Bernert,* 62 Cal. 529; *Ex parte Kelly,* 65 Cal. 157; *Ex parte Snow,* 120 U. S. 275. See Pen. Code, sec. 1487, subd. 1.)

*Attorney-General Hart,* for Respondent.

Even if there were any omission in the certified copy of the judgment furnished the warden of the prison, the record shown upon the hearing of this case establishes that the imprisonment was legal. If the certified copy of the minutes of the court imperfectly describe the

crime of which the prisoner was convicted, the keeper can, upon the return of the writ of *habeas corpus,* show by the record of the court what the precise crime was, and thereby that the sentence was valid and the imprisonment authorized. (Church on Habeas Corpus, sec. 375; *People* v. *Baker,* 89 N. Y. 460; *Ex parte Gibson,* 31 Cal. 619; 91 Am. Dec. 546.)

HARRISON, J.—Application for discharge on *habeas corpus.*

In his return to the writ issued herein, the warden of the state prison produces as his authority for the detention of the petitioner a certified copy of the judgment of conviction, as follows: —

## " COMMITMENT.

" In the Superior Court of the City and County of San Francisco, State of California. Department No. 11.

" Saturday, February 19, 1887.

" Present: Hon. D. J. Toohey, J.

" The People of the State of California *v.* Gus Williams, convicted of burglary in the second degree.

" The district attorney, with the defendant and his counsel, Mr. O'Brien, came into court. The defendant was duly informed by the court of the information duly presented and filed on the twenty-sixth day of January, 1887, by the district attorney of the city and county of San Francisco, charging said defendant with the crime of burglary and three prior convictions; of his arraignment, and plea of not guilty as charged in said information; of his trial, and the verdict of the jury, on the sixteenth day of February, 1887, 'guilty of burglary in the second degree'; and defendant's motion for a new trial having been denied by the court, and said prior convictions having been admitted by defendant, the defendant was then asked if he had any legal cause to show why judgment should not be pronounced against him, to which defendant replied he had none; and no sufficient

cause being shown or appearing to the court, thereupon the court renders its judgment, that whereas the said Gus Williams having been duly convicted in this court of the crime of burglary in the second degree, it is therefore ordered, adjudged, and decreed that the said Gus Williams be punished by imprisonment in the state prison of the state of California at San Quentin for the term of ten (10) years. The defendant was then remanded to the custody of the sheriff of the city and county, to be by him delivered into the custody of the proper officers of said state prison at San Quentin.

"Office of the County Clerk City and County of San Francisco.

"I, William J. Ruddick, county clerk of the city and county of San Francisco, and *ex officio* clerk of said superior court thereof, do hereby certify the foregoing to be a true and correct copy of a judgment entered on the minutes of said court in and for the city and county of San Francisco, state of California, in the above-entitled cause, as appears of record in my office.

"Attest my hand and the seal of the said superior court this nineteenth day of February, 1887.

[seal.] "William J. Ruddick, Clerk.

"By Bert. McNulty, Deputy Clerk."

To countervail the effect of this, the petitioner presented the following document: —

"In the Superior Court of the City and County of San Francisco, State of California. Department No. 11.

"Saturday, February 19, 1887.

"Present: D. J. Toohey, J.

"The People of the State of California *v.* Gus Williams, convicted of burglary, second degree.

"This being the day set for sentence, the defendant and counsel being present in court, the defendant was asked if he had any legal cause to show why judgment should not be pronounced against him, to which defend-

ant replied that he had none. Thereupon the court renders its judgment, that whereas the said Gus Williams having been duly convicted of the crime of burglary, second degree, it is therefore ordered, adjudged, and decreed that the said Gus Williams be punished by imprisonment in the state prison at San Quentin for the term of ten (10) years. The defendant was then remanded to the custody of the sheriff of the city and county, to be by him delivered into the custody of the proper officers of said state prison at San Quentin.

"I, William J. Blattner, county clerk of the city and county of San Francisco, state of California, and *ex officio* clerk of the superior court in and for said city and county, hereby certify the foregoing to be a full, true, and correct copy of the original minute entry of judgment in the above-entitled cause, filed in my office on the nineteenth day of February, A. D. 1887.

"Attest my hand and seal of said court this twenty-seventh day of January, A. D. 1891.

[SEAL.]                    "Wm. J. Blattner, Clerk.
                     "By B. F. Jones, Deputy Clerk."

It is claimed on behalf of the petitioner that the latter document must be taken as the judgment in the case; and inasmuch as the maximum term of imprisonment for burglary in the second degree is fixed by the statute at five years, that with proper deductions for good behavior, that term has expired, and he is entitled to his discharge.

We cannot, however, in proceedings upon *habeas corpus*, determine that the document under which the petitioner is detained, and which is certified by the clerk to be a "true and correct copy of the judgment *entered* on the minutes of said court," is to be disregarded, or held of no effect by the production of another document certified by the same officer to be a "full, true, and correct copy of the original minute entry of judgment, *filed* in the clerk's office."

A stipulation by the attorney for the petitioner, and the attorney-general, was filed herein at the hearing, to the effect that the information upon which the petitioner was convicted, in addition to the charge of burglary, charged him with three prior convictions, and that upon being arraigned he pleaded not guilty to the crime charged, and admitted the prior convictions; that such plea and admission were entered in the minutes of the court; that the cause was thereupon set down for trial upon a subsequent day; and that the judgment roll made up by the clerk included copies of these entries in the minutes, as well as copies of the judgment and minute entry hereinbefore set out. It is thus seen that it appears upon the record of the case that the court did not exceed its jurisdiction in sentencing the prisoner to imprisonment in the state prison for the term of ten years. (*Ex parte Young Ah Gow*, 73 Cal. 438.)

It was not necessary that the entry of the judgment in the minutes should repeat the entries that had already been made in previous proceedings in the case. These had already become a part of the record, and would obtain no greater validity by being a second time recited in the minutes. "From the mere fact that these several papers are taken into and made a part of the record, it is clear that each one was intended merely to tell its own story, or rather to relate its particular branch of the whole history. Thus the indictment states the jurisdictional facts, the nature of the offense, and the facts and circumstances so far as they are material. The other papers give the history of the trial, including the verdict; and the judgment, which constitutes the last chapter, merely finishes the account by stating of what offense defendant was finally convicted, and the penalty imposed by the court. The judgment need not, and it was not intended that it should, repeat anything contained in the papers which precede it, for in view of the fact that they go into the record and make a part of

it, such repetition would be idle and serve no useful purpose. The only material parts of a judgment are, the statement of the offense for which the defendant has been convicted, omitting therefrom all that is contained in the previous papers, and therefore not necessary to · be repeated, and the sentence of the court." (*Matter of Ring*, 28 Cal. 253.)

It therefore appearing that the petitioner is detained in custody by virtue of process issued upon the "final judgment of a competent court of criminal jurisdiction," the provisions of section 1486 of the Penal Code require that he be remanded, and it is so ordered.

GAROUTTE, J., and PATERSON, J., concurred.