# Ex parte A. F. BAILEY.

No. A-9225.   Dec. 31, 1936.
(64 Pac. [2d] 278.)

The Attorney General, Everett S. Collins, Co. Atty., and Geo. B., Coryell, Jr., Asst. Co. Atty., for respondent.

DOYLE, J. In the application for writ of habeas corpus, for discharge from imprisonment in the state penitentiary, R. F. Bailey alleges that he is unlawfully imprisoned and detained by the warden of the state penitentiary without authority of law under a judgment of conviction of the superior court of Creek county, Bristow division, for the offense of being an habitual criminal, wherein he was sentenced to serve a term of five years in the state penitentiary. That on February 2, 1936, by commitment issued out of said superior court he was on said day delivered to the warden of the state penitentiary at McAlester.

That petitioner has been and is now held in custody to serve said sentence without due process of law, in that said judgment and sentence is void, in that said information does not charge a felony and charges only petit larceny, and the petitioner never had a preliminary hearing or waived the same to a charge of felony; that he did not plead guilty and was denied the benefit of counsel.

That for the reasons stated said superior court of Creek county was without jurisdiction to render said judgment and sentence.

It appears from the application and the answer thereto that the petitioner was arrested on Sunday evening, January 26, 1936, and placed in the city jail; the next morning was taken before C. W. Pounders, justice of the peace in and for the city of Bristow. The record recites:

"Complete Record of Proceedings

"1-27-36 complaint filed charging 'Being a habitual criminal'

"1-27-36 Warrant issued

"1-27-36 Defendant arraigned and plead 'guilty'

"1-27-36 Bound over to superior court of Creek county, Oklahoma.

"Bristow Division. Appearance bond set in sum of $1,000 commitment to sheriff.

"I hereby certify the above is a complete Record of Proceedings, together with the papers filed in this case, which papers are attached hereto.

"[Signed] C. W. Pounders,<br>
"Justice of the Peace."

On the same day an information was filed in the superior court charging:

"R. F. Bailey did, in Creek County, State of Oklahoma, on or about the 24 day of January 1936 and anterior to the presentment hereof, commit the crime of being an habitual criminal, in the manner and form as follows, to wit: The defendant then and there being did then and there willfully, wrongfully, unlawfully, and feloniously, take, steal and carry away from the possession of the M. and P. Store one sack of flour of the approximate value of $2 without the consent or knowledge of the owner thereof and with the intent then and there to convert the same to his own use and benefit and that this defendant has been convicted on numerous occasions of petit larceny and has served one term in the penitentiary and was recently discharged from the county jail from a prior conviction and that he has been an offender and convicted in Creek county of petit larceny charges and other charges at least three times, all of which is contrary to," etc.

The judgment and sentence is as follows:

"The State of Oklahoma vs. R. F. Bailey, Defendant. No. 934.

"The prisoner, the above named, R. F. Bailey, defendant, being personally present in open court, and hav-

ing been legally informed for the crime of being an habitual criminal and arraigned, and said defendant having entered herein his plea of guilty, as charged in said information and being asked by the court if he had any legal cause to show why judgment and sentence should not be pronounced against him, and he giving no good reason in bar thereof:

"It is therefore considered, ordered, adjudged and decreed by the court that said R. F. Bailey be confined in the state penitentiary at McAlester, in the state of Oklahoma, for the term of Five (5) years at hard labor for said crime by him committed, said term of sentence to begin at and from the day of Del. A. D., 19—, and that said defendant pay the costs of this prosecution, taxed at $40.90, for which execution is awarded.

"It is further ordered, adjudged and decreed by the court that the sheriff of Creek county, state of Oklahoma, transport said R. F. Bailey to the penitentiary at McAlester, in the state of Oklahoma, and that the warden of said penitentiary do confine and imprison the said R. F. Bailey in accordance with this judgment, and that the clerk of this court do immediately certify, under the seal of the court and deliver to the sheriff aforesaid, two copies of this judgment, one of said copies to accompany the body of said defendant to the said penitentiary and to be left therewith at said penitentiary, said copy to be warrant and authority for the imprisonment of said defendant in said penitentiary, and the other copy to be the warrant and authority of said sheriff for the transportation and imprisonment of the said defendant as hereinbefore provided. Said last named copy to be returned to the clerk of said court with the proceedings of said sheriff thereunder endorsed thereon. And thereupon the court notified the defendant of his right of appeal.

"Done in open Court on this 27th day of January 1936.

"[Signed] C. O. Beaver, Judge."

The prosecution in this case was based on Penal Code, article 6 (sections 1817-1820), entitled, Second Offenses.

It is a general rule that under a statute imposing a greater punishment for a second offense than for the first, an information for a second offense must allege sufficient facts to show that the court before which the conviction for the first offense took place had jurisdiction to try for that offense. In this respect, the information must be definite and certain. Tucker v. State, 14 Okla. Cr. 54, 167 Pac. 637; Wright v. State, 16 Okla. Cr. 458, 184 Pac. 158.

The statute, section 1817, provides that:

"Any person who, having been convicted of any offense punishable by imprisonment in the penitentiary, commits any crime after such conviction, is punishable therefor as follows: * * *

"Third: If such subsequent conviction is for petit larceny * * * then the person convicted of such subsequent offense is punishable by imprisonment in the penitentiary for a term not exceeding five years."

In the case of Goodman v. Kunkle, Warden (C. C. A.) 72 F. (2d) 334, 336, it is said:

"Habitual criminality is a state, not a crime. The so-called 'count 3' is not, in fact, a separate 'count' in the sense in which that term is customarily employed. Habitual criminal statutes, such as that of Indiana, do not create or define a new or independent crime, but they prescribe circumstances wherein one found guilty of a specific crime may be more severely penalized because of his previous criminalities as they are alleged and found. This was definitely decided in Barr v. State [205 Ind. 481], 187 N. E. 259. In McDonald v. Massachusetts, 180 U. S. 311, 21 S. Ct. 389, 390, 45 L. Ed. 542, the court, in considering a statute imposing greater punishment be-

cause of prior convictions for crime, said: 'The allegation of previous convictions is not a distinct charge of crimes, but is necessary to bring the case within the statute, and goes to the punishment only.'

"To substantially like effect is Graham v. West Virginia, 224 U. S. 616, 32 S. Ct. 583, 56 L. Ed. 917, and we had occasion to follow these cases and so declare in Mc-. Carren v. United States (C. C. A.) 8 F. (2d) 113."

It will be observed that the information alleges the defendant did "commit the crime of being an habitual criminal," and that the judgment of the court recites that "R. F. Bailey defendant having been legally informed for the crime of being an habitual criminal and arraigned and said defendant having entered his plea of guilty."

The fact that the information designated the offense as the crime of "being an habitual criminal" is immaterial, as the offense charged depends upon the facts alleged.

The information alleges facts constituting the offense of petit larceny, and assuming that the proceedings were regular, the judgment of conviction should have been for the offense of petit larceny, second and subsequent offense, which under the statute subjected the defendant to a more severe punishment than conviction for a first offense.

It is a fundamental principle of law that a person may not be convicted of any offense other than the one charged, or an offense necessarily included as a matter of law. Koontz v. State, 10 Okla. Cr. 553, 139 Pac. 842, Ann. Cas. 1916A, 689.

It appears from the record that the judgment of conviction was for the crime "of being an habitual criminal." There is no such offense known to our Penal Code.

284

In Shepherd v. State, 17 Okla. Cr. 630, 192 Pac. 238, it was held that the judgment of conviction was void, as it was for a crime different from that charged in the information.

In Ex parte Grant, 32 Okla. Cr. 217, 240 Pac. 759, it was held:

"Jurisdiction to render a particular judgment and sentence is as essential as jurisdiction of the person and subject-matter. If the first does not exist, the sentence is void."

Other questions are raised, but we forbear from further discussion of this case. Enough has been said. Upon the record before us and for the reasons stated, we are of opinion that the trial court was without jurisdiction to render the judgment and sentence upon which the commitment issued, and that the execution of said void judgment deprives the petitioner of his liberty without due process of law.

The petitioner, R. F. Bailey, is therefore by the judgment of this court discharged therefrom.

Writ granted, and petitioner discharged.

EDWARDS, P. J., and DAVENPORT, J., concur.