## Ex parte F. L. WEAVER.

No. A-9247.   Jan. 15, 1937.
(64 Pac. [2d] 925.)

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

DOYLE, J.   In his petition for writ of habeas corpus for discharge from imprisonment from the state penitentinary, F. L. Weaver alleges that he is unlawfully imprisoned and detained by the warden without authority of law under a judgment of conviction rendered by the district court of Garfield county for the crime of "Habitual Theft," which judgment was rendered April 16, 1936,

wherein he was sentenced to serve a term of 18 months' imprisonment at the state penitentiary.

That petitioner has been and is now held in custody to serve said sentence without due process of law in that said judgment of conviction is void, in that it was for a crime other than the one charged in the information, or for an offense necessarily included as a matter of law.

That for the reasons stated the district court of Garfield county was without jurisdiction to render said judgment and sentence.

It appears from the petition and the answer to the rule to show cause that, petitioner having been duly charged by complaint filed before a justice of the peace charging the offense of petit larceny as a second offense under Penal Code, § 1817, subd. 3, he was held to the district court of said county for trial, and an information was duly filed in said court, charging him with the commission of petit larceny as a second offense after prior conviction, and that upon arraignment thereon he entered a plea of guilty, upon which the judgment and sentence was entered. A commitment was accordingly issued.

It also appears that, under the statute providing for credits to prisoners for good behavior, the petitioner will be entitled to his release on March 20, 1937.

The information was sufficient to apprise the defendant of the nature of the offense charged and was sufficient to authorize the court to pronounce judgment on a plea of guilty according to the law of the case.

It is a fundamental principle of law that a person may not be convicted of any offense other than the one charged, or an offense necessarily included as a matter of law.

In the present case of Ex parte Bailey, 60 Okla. Cr. 278, 64 Pac. (2d) 278, this court held:

"Habitual criminal statute, Penal Code, article 6 (sections 1817, 1818), does not create or define a new or independent crime, but describes circumstances wherein one found guilty of a specific crime may be more severely penalized because of his previous conviction, as alleged and found. 'Habitual criminality' is a state and not a crime." (Syl. 2.)

"The allegation of previous conviction is not a distinct charge of crime, but is necessary to bring the case within the statute, and goes to the punishment only." (Syl. 3.)

It appears from the record that the judgment of conviction was for the crime of "habitual theft." There is no such offense known to our Penal Code.

Upon the record before us and for the reasons stated in the case of Ex parte Bailey, supra, we are of the opinion that the trial court was without jurisdiction to render the judgment and sentence upon which the commitment issued, and that the execution of said void judgment deprives the petitioner of his liberty without due process of law.

The petitioner, F. L. Weaver, is therefore by the judgment of this court discharged therefrom. Writ granted and petitioner discharged.

DAVENPORT, P. J., and BAREFOOT, J., concur.