Ex parte GLADYS WRAY.

No. A.-9252.    March 26, 1937.
(66 Pac. [2d] 965.)

Gladys Wray, in pro. per.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

DAVENPORT, P. J. In her petition for writ of habeas corpus for discharge from imprisonment in the state penitentiary, Gladys Wray alleges she is unlawfully imprisoned, detained, confined, and restrained of her liberty by Jess F. Dunn, warden of the state penitentiary, at McAlester, Okla., that said imprisonment, detention, confinement, and restraint are illegal, and such illegality consists in this, to wit:

"That your petitioner, Gladys Wray, was, on or about the 20th day of September, 1935, adjudged and found guilty of a certain and alleged offense, 'habitual criminal,' against the peace and dignity of the state of Oklahoma, and by reason of such judgment she was assessed punishment and sentenced to serve a term of three years in the Oklahoma state penitentiary. A true and certified copy of the judgment and sentence is hereto attached and marked petitioner's exhibit A, and made a part hereof, together with a true and correct copy of the petitioner's prison record, which is hereto attached and marked petitioner's exhibit B, and made a part hereof, showing that the crime for which she was convicted was habitual criminal.

"Your petitioner states to the court that the alleged crime for which this petitioner was convicted is not on

the statute books of the state of Oklahoma, and that the Presiding Judge, Will Linn, was without authority or jurisdiction by law or otherwise to sentence this petitioner to serve a term in the state penitentiary for the said alleged crime by her alleged to have been committed."

To this petition was filed a return by the warden of the state penitentiary, in which he admits he has the petitioner in custody, and that she was received on the 17th day of September, 1935; and states by information duly filed in the district court of Grady county, she was charged with the crime of petit larceny, as a second offense after prior conviction as provided by subsection 3, section 1817, O. S. 1931 (21 Okla. St. Ann. § 51, subsec. 3). A certified copy of said information is hereto attached, and marked Exhibit A.

The warden further alleges that the formal journal entry, showing the sentence of the court erroneously cited the charge to which the petitioner pleaded guilty to as being that of habitual criminal, as shown by a copy of said sentence attached to petition herein filed; that said sentence should have shown that the petitioner pleaded guilty to petit larceny, as a second offense as charged in the information. The respondent holds the accused, Gladys Wray, pursuant to commitment from said court to serve a term of three years.

Since the filing of the petition, and response, by the warden of the penitentiary, there has been presented to the court what purports to be a nunc pro tunc order entered by the trial court, attempting to correct what is claimed to be an erroneous sentence. The order shows that application was made by the county attorney to the trial judge, on the 5th day of February, 1937, asking for a nunc pro tunc order correcting the information heretofore filed in the above-styled case to show the true crime

to which said petitioner was present by information, and to which she pleaded guilty to have been petit larceny, second offense. The order further recites that after hearing the evidence the court holds the information in truth and fact had stated the cause of action for larceny, second offense, and being satisfied an error was made in the style of said crime, finds said mistake should be corrected. The foregoing are the recitations in the order entered by the trial judge.

The court then made the following order:

"It is therefore considered, ordered, adjudged and decreed by the court that the said defendant was sentenced upon her plea of guilty of larceny, second offense, as charged in the information, and that the information and all other papers where same is erroneously styled habitual criminal, be and the same are hereby changed to read, 'larceny, second offense'."

The petitioner, Gladys Wray, as shown by the commitment held by the warden of the state penitentiary, was committed to the state penitentiary for being an habitual criminal, and her imprisonment fixed at three years in the state penitentiary.

Ballentine, in his Law Dictionary, on page 34, has defined "nunc pro tunc," as:

"A decree, now for then. A decree which under certain conditions such as the death of a party or the judge, is not properly entered at the hearing of the case, and may at any time be entered nunc pro tunc as of the date the cause was heard."

42 Corpus Juris, p. 534, § 221, in part says:

"An order may be entered nunc pro tunc to correct an order previously made not speaking the truth as to what was actually done, or to make the record of what was previously done by the court and not then entered."

We hold that the order of the trial court entered in the Gladys Wray Case, on the 5th day of February, 1937, was entered by the court without authority or jurisdiction, the defendant not having been notified of the application for the change of the pleadings and sentence, and not being present in open court at the time the order was entered. Ex parte Lyda Howland, 3 Okla. Cr. 142, 104 Pac. 927, Ann. Cas. 1912A, 840.

In Merritt v. State (Clark v. State, and Holmes v. State), 122 Ga. 752, 50 S. E. 925, the court in the second paragraph of the syllabus, said:

"When a criminal case is tried in a city court by the judge without a jury, and a judgment of guilty rendered and announced, but not entered on the minutes, an order may be passed at a subsequent term, after notice to the accused, requiring the clerk to enter upon the minutes the judgment as actually rendered and announced."

In the body of the opinion the court said:

"After the term has adjourned he has authority, after notice to parties interested, to make such order as may be necessary to make the record conform to the truth."

The commitment conclusively shows that the petitioner was sentenced and committed for three years to the state penitentiary as an habitual criminal. It is a fundamental principle of law that the defendant may not be convicted of any offense other than the one charged, or an offense necessarily included as a matter of law.

It appears from the record that the judgment of conviction was for the crime of habitual criminal. There is no such offense known to our Penal Code.

In the case of Ex parte Bailey,, 60 Okla. Cr. 278 64 Pac. (2d) 278, and Ex parte Weaver, 60 Okla. Cr. 290,

64 Pac. (2d) 925, in paragraph 2 of the syllabus this court held:

"Habitual criminal statute, Penal Code, art. 6 (sections 1817, 1818 [21 Okla. St. Ann. §§ 51, 52]), does not create or define a new or independent crime but describes circumstances wherein one found guilty of a specific crime may be more severely penalized because of his previous conviction, as alleged and found. 'Habitual criminality' is a state and not a crime." In syllabus 3, the court said: "The allegation of previous conviction is not a distinct charge of crime, but is necessary to bring the case within the statute, and goes to the punishment only."

We hold the court was without authority to render the judgment and sentence upon which the commitment was issued, and the execution of said void judgment deprives petitioner of her liberty without due process of law.

The relief prayed for by the petitioner, Gladys Wray, is granted, the writ awarded, and the petitioner ordered discharged.

BAREFOOT and DOYLE, JJ., concur.