HARRY KUWITZKY, APPELLANT, V. JOSEPH O'GRADY, WARDEN OF STATE PENITENTIARY, APPELLEE.

282 N. W. 396

FILED NOVEMBER 18, 1938.   No. 30487.

*Robert A. Nelson* and *Palmer McGrew,* for appellant.

*Richard C. Hunter, Attorney General,* and *Bert L. Overcash, contra.*

Heard before ROSE, C. J., EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ.

PAINE, J.

Application by Harry Kuwitzky for a writ of habeas corpus, alleging that his sentence for ten years to the state penitentiary, under the second count of an information charging him with being an habitual criminal, is null and void, for which reason he prays to be discharged and restored to his liberty. A hearing was had in the district court, evidence produced and case argued and submitted to the court, and writ of habeas corpus denied and application dismissed. Appellant's motion for new trial was overruled.

There is no dispute as to the facts in this case. On May 29, 1934, the county attorney of Otoe county filed an information against the appellant herein for burglary of a

storehouse in Otoe county on March 19, 1934. In the second count of the information the county attorney charged that on October 8, 1918, the appellant was convicted of the crime of car stealing in Otoe county and sentenced to a term of not less than one year nor more than seven years, and that on June 7, 1920, the appellant was convicted of the crime of burglary in Otoe county and sentenced to the penitentiary for not less than one year nor more than ten years; that on October 20, 1924, appellant was convicted of the crime of burglary in Otoe county and sentenced to the penitentiary for a term of not less than three years nor more than ten years; that on July 8, 1931, the appellant was convicted of the crime of burglary in Otoe county and was sentenced to the penitentiary for a term of three years, and that by reason thereof the said Harry Kuwitzky, appellant, is an habitual criminal, contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the state of Nebraska; that on the same day the information was filed the appellant was taken before District Judge Livingston, waived time to plead, was duly arraigned, and entered a plea of guilty to each count in said information. He was thereupon sentenced to serve a term of five years in the state penitentiary (he being a second offender) on the first count of said information, and in addition, upon his plea of guilty to the second count, he was sentenced to serve a term of ten years in the state penitentiary, and it was further ordered that these sentences run concurrently. It is further set out that the next day, to wit, May 30, 1934, the appellant was delivered by the sheriff of Otoe county to the warden of the state penitentiary at Lincoln, Nebraska.

It was stipulated by the parties that the appellant has served his first sentence of five years given under the first count of the information, and that upon the day of the hearing, to wit, May 14, 1938, he has also served two months and 16 days of the sentence given under the second count of the information, and that he is now being held and detained in the penitentiary under the sentence given under

his plea of guilty to the second count of the information.

The sole and only question presented to this court for determination is whether or not his detention in the penitentiary at this time is lawful.

The application for the writ of habeas corpus may not be brought until a legal sentence has been served. *In re Schwartz,* 1 Cal. App. (2d) 401, 36 Pac. (2d) 445; *In re Miller,* 133 Cal. App. 228, 23 Pac. (2d) 1034.

No complaint is made but that the crime of burglary was properly set out in the first count, and upon his plea of guilty thereof his sentence of five years to the penitentiary was proper, and his term of service under that sentence by reason of his good behavior has now terminated.

The application for a writ of habeas corpus is now the proper procedure for the review of the judgment in the case at bar, under sections 29-2301 to 29-2316, Comp. St. 1929. *In re Resler,* 115 Neb. 335, 212 N. W. 765.

Each separate count of an information charges the defendant with a separate and distinct crime, and he may be acquitted on a count charging one crime and convicted on a count charging another crime. *George v. State,* 59 Neb. 163, 80 N. W. 486; 14 R. C. L. 196, sec. 41.

We will now consider the second count of the information, which was based upon section 29-2217, Comp. St. 1929, reading in part as follows: "Whoever has been twice convicted of crime, sentenced and committed to prison, in this or any other state, or by the United States, or once in this state and once at least in any other state, or by the United States, for terms of not less than one year each, shall upon conviction of a felony committed in this state after the taking effect of this act, be deemed to be an habitual criminal, and shall be punished by imprisonment in the penitentiary for a term of not less than ten years, provided that no greater punishment is otherwise provided by statute, in which case the law creating the greater punishment shall govern."

Mr. Justice Hughes, in rendering the opinion in *Graham v. State of West Virginia,* 224 U. S. 616, said: "The pro-

priety of inflicting severer punishment upon old offenders has long been recognized in this country and in England. They are not punished the second time for the earlier offense, but the repetition of criminal conduct aggravates their guilt and justifies heavier penalties when they are again convicted. Statutes providing for such increased punishment were enacted in Virginia and New York as early as 1796, and in Massachusetts in 1804; and there have been numerous acts of similar import in many states. This legislation has uniformly been sustained in the state courts. *Ross's Case*, 2 Pick. (Mass.) 165, 170; *Plumbly v. Commonwealth*, 2 Met. (Mass.) 413, 415."

The Penal Code of Montana provides that ten years may be given to an habitual offender. In the case of *State v. Connors*, 27 Mont. 227, 70 Pac. 715, that court considered a sentence of five years for assault and five years for prior conviction of a felony, making the full term ten years. Upon this sentence being brought to the supreme court, that court found that the trial court manifestly intended to sentence the defendant for a term of ten years for assault in the second degree. However, in the case at bar no such question can arise, for the sentence was definitely to ten years upon count two of the information.

When the same question arose in Oklahoma, the court said: "Allegation of previous conviction is not a distinct charge of crime, but is necessary to bring the case within the statute, and goes to the punishment only." *Ex parte Wray*, 61 Okla. Cr. 162, 66 Pac. (2d) 965. "Judgment of conviction for 'habitual criminal' under information charging petit larceny as a second offense after prior conviction *held* void, entitling accused to habeas corpus, since there was no such offense as 'habitual criminal.'" *Ex parte Wray*, 66 Pac. (2d) 965 (61 Okla. Cr. 162).

An habitual criminal statute is sound in principle and sustained by reason. The legislature may well enact such a law to permit law enforcement officers to take into consideration the persistence of an offender in his criminal course. That the defendant has been guilty of a second

felony does not make him guilty of an offense for which he may be separately sentenced, but, upon proof that the habitual criminal statute applies to his case, he may have his punishment for the last felony of which he has been convicted increased as provided by law. 8 R. C. L. 271, secs. 284, 285; *Mundon v. State*, 196 Wis. 469, 220 N. W. 650; *State v. Zywicki*, 175 Minn. 508, 221 N. W. 900. Our Nebraska court has said: "Where, under a prosecution for felony, the state seeks to have the accused punished as an habitual criminal under section 10177, Comp. St. 1922, it is proper to allege in the information and prove upon the trial that the accused has been previously convicted as provided in said section." *Taylor v. State*, 114 Neb. 257, 207 N. W. 207. See, also, *Booth v. State*, 122 Neb. 544, 240 N. W. 753.

Provisions for increasing the punishment for habitual criminals are found in the laws of nearly every state. In a few states the law may be so phrased as to require the filing of a supplemental information to present an issue of fact to be determined by a jury, first, as to the identity of the defendant, and, second, as to his former conviction and the execution of the sentence. In other states it presents a question of fact for the purpose of increasing the length of the sentence which may be imposed upon conviction of the felony. The two annotations, of great length, found in 58 A. L. R. 20 and 82 A. L. R. 345, give an exhaustive discussion of the various phases of the question, with citations from the various states.

The federal courts have often been called upon to pass upon these laws when applications have been made for writs of habeas corpus.

In a recent case from the circuit court of appeals for the seventh circuit, the court used this language: "Habitual criminality is a state, not a crime. * * * Habitual criminal statutes, such as that of Indiana, do not create or define a new or independent crime, but they prescribe circumstances wherein one found guilty of a specific crime may be more severely penalized because of his previous criminalities as

they are alleged and found. This was definitely decided in *Barr v. State*, 205 Ind. 481, 187 N. E. 259. In *McDonald v. Massachusetts*, 180 U. S. 311, 21 Sup. Ct. Rep. 389, 390, 45 L. Ed. 542, the court, in considering a statute imposing greater punishment because of prior convictions for crimes, said: 'The allegation of previous convictions is not a distinct charge of crimes, but is necessary to bring the case within the statute, and goes to the punishment only.' " *Goodman v. Kunkle*, 72 Fed. (2d) 334.

Let us examine our statute. We find that chapter 28, Comp. St. 1929, is entitled, "Crimes and Punishments." In it we find 56 pages setting out at length all crimes, beginning with "homicide" and ending with "stealing a ride on a train." The section on "habitual criminal" is not in that chapter, but is section 2217 of chapter 29, entitled "Criminal Procedure," in which the law relating to the arrest, extradition, indictments, pardons and paroles, and sentences of wrong-doers is found.

We are of the opinion that count 2 of the information filed in Otoe county against the appellant in the case at bar did not charge a separate and distinct offense under the laws of Nebraska; that the previous convictions on several felonies alleged therein would, if proved, show the appellant to be an habitual criminal, and permit his punishment for the act of burglary charged in count 1 to be increased, but that the trial court was without authority to render a distinct, separate judgment and sentence upon count 2 of said information, as was done.

The appellant is, therefore, being unlawfully imprisoned without due process of law, and is entitled to be released and discharged. The denial of the trial court of a writ of habeas corpus is hereby

REVERSED.