(No. 26054.—

The People of the State of Illinois, Defendant in Error, *vs.* George Atkinson, Plaintiff in Error.

*Opinion filed June 13, 1941.*

GEORGE ATKINSON, *pro se,* plaintiff in error.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, of counsel,) for the People.

Mr. JUSTICE MURPHY delivered the opinion of the court:

Plaintiff in error, George Atkinson, was tried in the criminal court of Cook county by the court without a jury on two indictments and found guilty in each case on a count which charged larceny of an automobile and a prior conviction of robbery. He was sentenced in each case under the provisions of the Habitual Criminal act (Ill. Rev. Stat. 1939, chap. 38, par. 602) for a period of twenty years, the sentences to run concurrently. After serving more than eight years of the sentences, plaintiff in error brings the common law record of each case here for review. He contends the judgments are void.

The People concede that under the holdings of this court in *People* v. *Crane,* 356 Ill. 276, *People* v. *Parker,*

id. 301, *People* v. *Smithka,* id. 624, and *People* v. *Sarosiek,* 375 Ill. 631, the judgments entered were erroneous, but contend that plaintiff in error is not entitled to an absolute reversal, as prayed, but submit that the judgments should be reversed and the causes remanded with directions that plaintiff in error be resentenced in each case for the term fixed by statute for larceny of an automobile,—*i. e.,* one to twenty years.

The Habitual Criminal act does not create a new or independent crime. It merely prescribes circumstances wherein one found guilty of a specific crime may be more severely penalized because of a previous conviction. The punishment is for the new crime only, but the penalty is made heavier by statute because the defendant is an habitual criminal. The prior conviction is no ingredient of the main offense charged but is merely a matter of aggravation going solely to the punishment to be imposed. *Graham* v. *West Virginia,* 224 U. S. 616, 32 Sup. Ct. 583, 56 L. ed. 917; *McDonald* v. *Massachusetts,* 180 id. 311, 21 Sup. Ct. 390, 45 L. ed. 542; *Goodman* v. *Kunkle,* 72 Fed. (2) 334; *Ex parte Bailey,* 60 Okla. Crim. 278, 64 Pac. (2) 278; *Ex parte Kuwitzky,* 135 Neb. 466, 282 N. W. 396.

The counts upon which plaintiff in error was tried charged larceny of an automobile and, as a matter of aggravation and for the purpose of inflicting a greater penalty, it was alleged that he had been previously convicted of robbery. He was duly convicted of larceny of an automobile. Since the matters in aggravation were not an element of the offense of larceny of an automobile, they may be rejected as surplusage. This principle was recognized and adopted in *People* v. *Boer,* 262 Ill. 152. In that case the indictment contained one count which charged the defendant with robbery and undertook to charge that while committing the robbery he was armed with a dangerous weapon with the intent to kill and maim the victim of the robbery.

The indictment was good as to the charge of robbery but was defective as to the part pleaded in aggravation. The jury found him guilty of robbery and that at the time of the commission of the robbery he was armed with a dangerous weapon with intent to kill. The sentence imposed was the one provided by statute for the aggravated offense. After a full review of the authorities it was held that the part of the indictment and verdict which referred to matters in aggravation should be treated as surplusage and that the judgment was not void but erroneous. The judgment was reversed and the cause was remanded with directions for the entry of a proper judgment for robbery. The conclusion and reasoning in that case are controlling here.

Where a conviction is valid and only the sentence or judgment invalid, the judgment will not be reversed absolutely nor will it be reversed and remanded for a new trial. The rule in such case is that the judgment will be reversed and cause remanded to the trial court for the rendition of a proper judgment. (*People* v. *Wood,* 318 Ill. 388; *People* v. *Boer, supra; Wallace* v. *People,* 159 Ill. 446.) The rule is not changed even though the defendant has served a substantial part of such erroneous sentence. *Commonwealth* v. *Murphy,* 174 Mass. 369, 54 N. E. 860; *McDonald* v. *State,* 79 Wis. 651, 48 N. W. 863; *Jordan* v. *Swope,* 36 N. M. 84, 8 Pac. (2) 788.

Attention is called to the order of reversal and remandment for a new trial entered in *People* v. *Parker, supra.* In that case it was contended there should be a reversal and remandment for the entry of a correct judgment. In disposing of such contention it was said the evidence of a former conviction was not competent nor material and prejudiced the rights of the defendant. An alleged prejudicial error claimed to have arisen by the admission of incompetent and immaterial evidence must be

preserved and made a part of the record by a bill of exceptions. (*People* v. *Stahulak,* 353 Ill. 348; *People* v. *Hoffman,* 344 id. 533.) A bill of exceptions was incorporated into the record in the *Parker case,* while here there is only a common law record. In *People* v. *Smithka, supra,* where the errors assigned were presented on a bill of exceptions there was a reversal and remandment for a new trial, while in *People* v. *Sarosiek, supra,* there was a common law record and the judgment was reversed and cause remanded for the entry of a corrected judgment. Likewise, the other contentions that the guilt was not established beyond a reasonable doubt and that error was committed during the progress of the trial, can not be considered on the common law record. *People* v. *Hoffman, supra; People* v. *Stahulak, supra.*

It is urged that since plaintiff in error has been confined in the penitentiary for more than eight years he should be discharged. The maximum time for the larceny of an automobile is twenty years, and whether plaintiff in error's imprisonment for such period of time entitles him to a release or other consideration is not a matter for the court on this record.

The judgment in each case is reversed and the causes remanded to the criminal court of Cook county, with leave to the State's attorney to move the court for the entry of a proper judgment in each case, and with directions to the court to allow such motions and resentence plaintiff in error for the crime of larceny of an automobile for the term fixed by statute.

*Reversed and remanded, with directions.*