Ex parte JAMES SHOCKLEY.

No. A.-10434.   Dec. 15, 1943.

(144 P. 2d 118.)

William A. Vassar, of Chandler, for petitioner.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BAREFOOT, J. Petitioner, James Shockley, who is now confined in the State Penitentiary, where he is serving a term of 12 years by reason of a judgment and sentence rendered in Lincoln county for "shooting with intent to kill" subsequent to and after conviction of a felony, has filed his petition for writ of habeas corpus, alleging that he is being confined by reason of a void judgment.

On May 29, 1942, this same petitioner filed a petition for habeas corpus in this court, being our No. A-10,285, by virtue of the same judgment and sentence. This petition was denied on October 21, 1942, and is reported in 75 Okla. Cr. 263, 130 P. 2d 331.

In that petition it was contended, as it is here, that the judgment and sentence under which he is being held is void. In that proceeding he did not have an attorney to represent him. He has in his proceeding employed counsel. A copy of the information, the minutes of the court, and the judgment and sentence are attached to his petition. The response of the warden sets out the above facts, and makes reference to the exhibits introduced in the first proceeding.

The contention that the judgment and sentence is void is based upon the fact that it does not recite the fact

that petitioner was charged with a subsequent offense, and that it only recited that he had pleaded guilty to "attempt to kill," and that the punishment assessed by the court was for a period of 12 years in the penitentiary, while the statute (21 O. S. A. 1941 § 652) fixes the maximum punishment at ten years in the penitentiary.

This contention does not take into consideration the fact that the information, a copy of which is attached to petitioner's petition, charges him with the crime of attempt to kill and also charges him with having pleaded guilty to the crime of burglary in Lincoln county, Okla., prior to the date alleged in the information, and of having served a term of two years in the penitentiary therefor. This charge of a prior offense did not constitute a crime, but was only included for the purpose of permitting the giving of more punishment, after his conviction of the crime of which he stood charged. The only charge of which petitioner was being tried was that of "attempt to kill." It was unnecessary to recite in the judgment and sentence that he had been previously convicted. 58 A. L. R. 99 note; People v. Kelly, 120 Cal. 271, 52 P. 587; People v. Wheatley, 88 Cal. 114, 26 P. 95; Ex parte Williams, 89 Cal. 421, 26 P. 887.

Oklahoma Statutes (sec. 1817, O. S. 1931, Tit. 21 O. S. A. 1941 § 51) provides:

"Every person who, having been convicted of any offense punishable by imprisonment in the penitentiary, commits any crime after such conviction, is punishable therefor as follows:

"1. If the offense of which such person is subsequently convicted is such that upon a first conviction an offender would be punishable by imprisonment in the penitentiary for any term exceeding five years, such person is

punishable by imprisonment in the penitentiary for a term not less than ten years. * * * "

In the case of Ex parte Weaver, 60 Okla. Cr. 290, 64 P. 2d 925, 926, this court said:

"In the recent case of Ex parte Bailey, 60 Okla. Cr. 278, 64 P. 2d 278, this court held:

" 'Habitual criminal statute, Penal Code, article 6 (sections 1817, 1818 [21 O. S. 1941 §§ 51, 52], does not create or define a new or independent crime, but describes circumstances wherein one found guilty of a specific crime may be more severely penalized because of his previous conviction, as alleged and found. "Habitual criminality" is a state and not a crime.'

" 'The allegation of previous conviction is not a distinct charge of crime, but is necessary to bring the case within the statute, and goes to the punishment only.' "

See, also, Ex parte Wray, 61 Okla. Cr. 162, 66 P. 2d 965.

The defendant having been previously convicted of the crime of burglary in the second degree, which carried with it a punishment of not exceeding seven years (section 1932, O. S. 1931, Tit. 21 O. S. A. 1941 § 1436), the court, under the statutes above quoted, had the right to sentence the defendant to a term of 12 years, as was done in this case.

We are, therefore, of the opinion that the judgment and sentence of the district court of Lincoln county was not void; and for the reasons herein stated, the writ of habeas corpus is hereby denied.

JONES, P. J., and DOYLE, J., concur.