## BARGER v. BURFORD.

No. A-11440. Nov. 29, 1950.

(225 P. 2d 196.)

Charles R. Barger, per se.

Mac Q. Williamson, Atty. Gen., for respondent.

JONES, P. J. This is an original action by the petitioner, Charles R. Barger, by which he seeks to obtain his release from confinement in the State Penitentiary.

The sole basis for this action is the contention of petitioner that the judgment and sentence recites that petitioner entered a plea of guilty to a charge of second degree burglary and was sentenced to serve a term of ten years in the State Penitentiary. There is attached to the petition a certified copy of the judgment and sentence entered on a plea of guilty and among the recitals in this instrument is the following:

"It is therefore by the Court ordered, adjudged and decreed that the defendant, Charles Barger, is guilty of the crime of second degree burglary, as charged in the information, and that as a punishment therefor he be confined in the State Penitentiary at McAlester, Oklahoma, for a period of ten years, to begin upon defendant's delivery to the warden thereof."

Also attached to the petition are certified copies of the criminal complaint filed against the accused before the committing magistrate; a certified copy of the journal entry filed by the magistrate ordering the petitioner held to await trial in the district court on such charges as may be preferred against him. The certified copy of the information attached to the petition alleged the crime of burglary in the second degree after two former convictions for the crimes of burglary in the second degree,

one of which was committed on February 24, 1939, and another committed on January 16, 1946.

From the allegations of the petition and the recitals of the instruments attached thereto and made a part of the petition, it appears that the information was read at length to the accused in open court by the county attorney before the plea of guilty was entered. This cause was submitted on a demurrer to the petition filed by the Attorney General.

It is true that the punishment for burglary in the second degree shall not exceed seven years. 21 O.S. 1941 § 1436. However, where the information charges the crime of burglary in the second degree after former conviction of a felony the minimum sentence which could have been assessed upon a plea of guilty was a term of ten years imprisonment in the State Penitentiary. Thus we see that the petitioner upon his plea of guilty to the charge contained in the information on file against him received the minimum sentence.

The question then resolves itself into the inquiry as to whether the recital in the judgment and sentence that the plea of guilty was entered to the crime of "burglary in the second degree as charged in the information filed herein" invalidated the judgment by reason of the court failing to insert that the plea of guilty was to the crime of burglary in the second degree after former conviction of a felony.

This identical question was before the court in the case of Ex parte Shockley, 78 Okla. Cr. 101, 144 P. 2d 118, 119, wherein this court stated:

"The contention that the judgment and sentence is void is based upon the fact that it does not recite the fact that petitioner was charged with a subsequent offense,

and that it only recited that he had plead guilty to 'attempt to kill,' and that the punishment assessed by the court was for a period of twelve years in the penitentiary, while the statute (21 O.S.A. 1941 § 652) fixes the maximum punishment at ten years in the penitentiary.

"This contention does not take into consideration the fact that the information, a copy of which is attached to petitioner's petition, charges him with the crime of attempt to kill and also charges him with having plead guilty to the crime of burglary in Lincoln county, Oklahoma, prior to the date alleged in the information, and of having served a term of two years in the penitentiary therefor. This charge of prior offense did not constitute a crime, but was only included for the purpose of permitting the giving of more punishment, after his conviction of the crime of which he stood charged. The only charge of which petitioner was being tried was that of 'attempt to kill.' It was unnecessary to recite in the judgment and sentence that he had been previously convicted. 58 A.L.R. 99 note; People v. Kelly, 120 Cal. 271, 52 P. 587; People v. Wheatley, 88 Cal. 114, 26 P. 95; Ex parte Williams, 89 Cal. 421, 26 P. 887.

"Oklahoma statutes (sec. 1817, O.S. 1931, Tit. 21 O.S.A. 1941 § 51) provides:

" 'Every person who, having been convicted of any offense punishable by imprisonment in the penitentiary, commits any crime after such conviction, is punishable therefor as follows:

" '1. If the offense of which such person is subsequently convicted is such that upon a first conviction an offender would be punishable by imprisonment in the penitentiary for any term exceeding five years, such person is punishable by imprisonment in the penitentiary for a term not less than ten years. * * *'

"In the case of Ex parte Weaver, 60 Okla. Cr. 290, 64 P. 2d 925, 926, this court said:

" 'In the recent case of Ex parte Bailey, 60 Okla. Cr. 278, 64 P. 2d 278, this court held:

" ' "Habitual criminal statute, Penal Code, article 6 (sections 1817, 1818 [21 O.S. 1941 §§ 51, 52]), does not create or define a new or independent crime, but describes circumstances wherein one found guilty of a specific crime may be more severely penalized because of his previous conviction, as alleged and found. 'Habitual criminality' is a state and not a crime."

" ' "The allegation of previous conviction is not a distinct charge of crime, but is necessary to bring the case within the statute, and goes to the punishment only." '

"See, also, Ex parte Wray, 61 Okla. Cr. 162, 66 P. 2d 965.

"The defendant having been previously convicted of the crime of burglary in the second degree, which carried with it a punishment of not exceeding seven years (section 1932, O.S. 1931, Tit. 21 O.S.A. 1941 § 1436), the court, under the statutes above quoted, had the right to sentence the defendant to a term of twelve years, as was done in this case."

In cases such as this, this court seeks to determine what actually occurred in the trial court for the purpose of determining whether the court exceeded its jurisdiction. The recital in the judgment and sentence that sentence was being pronounced upon a plea of guilty to the crime of burglary in the second degree as charged in the information necessarily incorporates the information into the judgment and sentence by reference thereto. A reading of the information discloses that the court did not exceed its jurisdiction in pronouncing the sentence for the crime alleged in the information. The petitioner by attaching the information to his petition and making it a part thereof completes the record so this court can see that he is not being wrongfully detained or deprived of liberty by reason of a sentence pronounced by a district court which was in excess of the sentence

authorized by the statute for the crime named in the information.

We are of the opinion that the demurrer of the Attorney General is good and that the petition for habeas corpus should be denied.

It is so ordered.

BRETT and POWELL, JJ., concur.