**SANDERS v. WATERS, Warden.**

No. 4482.

United States Court of Appeals Tenth Circuit.

Oct. 17, 1952.

No appearance for appellant.

Before BRATTON, MURRAH, and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

Walter L. Sanders brought this habeas corpus proceeding in the United States District Court for the Eastern District of Oklahoma to secure his release from the Oklahoma State Penitentiary where he is serving a ten year sentence. The petitioner contends that the "habitual criminal" statute of Oklahoma under which he was sentenced was contrary to the Constitution of the State of Oklahoma and repugnant to the Fourteenth Amendment to the Constitution of the United States. After a hearing the trial court dismissed the petition.

On the 24th day of November, 1948, the petitioner entered a plea of guilty to an information which charged him with the crime of second degree burglary and alleged that the accused had theretofore been twice convicted of felonies. 21 Okl.St.Ann. § 51, Subdivision 1, provides:

"Every person who, having been convicted of any offense punishable by imprisonment in the pentitentiary, commits any crime after such conviction, is punishable therefor as follows:

"1. If the offense of which such person is subsequently convicted is such that upon a first conviction an offender would be punishable by imprisonment in the penitentiary for any term exceeding five years, such person

is punishable by imprisonment in the penitentiary for a term not less than ten years."

■ The Oklahoma courts have on numerous occasions upheld the constitutionality of this statute. In re Schechter, Okl.Cr. App., 231 P.2d 411, certiorari denied 342 U.S. 855, 72 S.Ct. 81; Tilghman v. Burns, 91 Okl.Cr. 359, 219 P.2d 263; Ex parte Hibbs, 86 Okl.Cr. 113, 190 P.2d 156, certiorari denied 335 U.S. 835, 69 S.Ct. 25, 93 L.Ed. 387; Solomon v. State, 79 Okl.Cr. 93, 151 P.2d 944; Spann v. State, 69 Okl. Cr. 369, 103 P.2d 389; Williams v. State, 56 Okl.Cr. 245, 37 P.2d 658. The petitioner presented this same question to the Oklahoma Criminal Court of Appeals, Ex parte Sanders, Okl.Cr.App., 238 P.2d 840, 841, certiorari denied 342 U.S. 929, 72 S.Ct. 370, where it was held "that such statute is not unconstitutional as denying equal protection of the laws, compelling accused to be witness against himself, or providing for cruel or unusual punishment." Similar statutes have generally been held to be constitutional by both federal and state courts. Carlesi v. People of State of New York, 233 U.S. 51, 34 S.Ct. 576, 58 L.Ed. 843; Graham v. State of West Virginia, 224 U.S. 616, 32 S.Ct. 583, 56 L.Ed. 917; McDonald v. Com. of Massachusetts, 180 U.S. 311, 21 S.Ct. 389, 45 L.Ed. 542; Moore v. State of Missouri, 159 U.S. 673, 16 S.Ct. 179, 40 L. Ed. 301; See Annotations in 58 A.L.R. 20; 82 A.L.R. 345; 116 A.L.R. 209.

■ Further contention is made that the statute violates the equal protection clause of the Fourteenth Amendment to the Constitution because some defendants with prior convictions are prosecuted under the statute and some are not. The contention is without merit. The statute applies equally and impartially to all persons who are charged under it. The fact that indictments or informations do not always charge a violation of the habitual criminal statute where the accused has had prior felony convictions, does not affect the validity of the statute. Saunders v. Lowry, 5 Cir., 58 F.2d 158.

■ It is finally contended that the petitioner was convicted of second degree burglary, third offense, and that there is no such offense under the Oklahoma statute. The same contention was made in the Oklahoma Criminal Court of Appeals and decided adversely to the petitioner. Ex parte Sanders, supra. The information charged that the defendant committed the crime of burglary in the second degree and then alleged that the accused had prior felony convictions as is required by the Oklahoma statute if punishment is to be imposed thereunder. This was the proper way to plead the statute. Ex parte Shockley, 78 Okl.Cr. 101, 144 P.2d 118; Browder v. State, 15 Okl.Cr. 287, 176 P. 96. The statute does not define or describe a new and additional offense. It merely provides conditions under which one convicted of a crime may be given a heavier penalty. Gryger v. Burke, 334 U.S. 728, 732, 68 S.Ct. 1256, 92 L.Ed. 1683; Ex parte Shockley, supra; Ex parte Wray, 61 Okl.Cr. 162, 66 P.2d 965; Ex parte Bailey, 60 Okl.Cr. 278, 64 P.2d 278; Ex parte Weaver, 60 Okl.Cr. 290, 64 P.2d 925.

Judgment is affirmed.