MUNDON, Plaintiff in error, vs. THE STATE, Defendant in error.

*April 7—July 17, 1928.*

The cause was submitted for the plaintiff in error on the brief of *Walker & Christenson* of Lancaster, and for the

defendant in error on the brief of the *Attorney General,*
*J. E. Messerschmidt,* assistant attorney general, and *R. M.*
*Orchard,* district attorney of Grant county.

ROSENBERRY, J.   The defendant alleged as error the
failure of the court to suppress the evidence procured by
means of a search warrant issued by a justice of the peace.
The complaint for the warrant is as follows:

"Walter Vesperman, being duly sworn, on oath says that
he is informed, has good reason to believe, and does believe,
that on the 6th day of August, in the year 1927, at said
county, George *alias* Pete Mundon did transport and have in
his possession privately distilled intoxicating liquor," etc.

No record was made of the examination of the person who
signed the complaint.   At the trial there was an attempt to
supplement the record.   Upon this branch of the case it is
ruled by *Glodowski v. State* (decided June 18, 1928), *ante,*
p. 265, 220 N. W. 227.

It is clear that in sentencing the defendant the court sen-
tenced him for three offenses and gave him three distinct
sentences.   This matter was treated at considerable length
in *Watson v. State,* 190 Wis. 245, 208 N. W. 897, and it is
there held that the sole office of sec. 359.14, Stats., is to
increase the penalty for the offense of which the defendant
is convicted, and the fact that he is guilty of a second offense
does not make him guilty under sec. 359.14 of a separate
offense for which he may be sentenced.

Inasmuch as some evidence was obtained without the aid
of the search warrant, it is considered that the cause should
be reversed and remanded for a new trial unless in the opin-
ion of the district attorney evidence independent of the search
warrant would not justify such a trial.

*By the Court.*—The judgment of the circuit court for
Grant county is reversed, and the cause remanded for fur-
ther proceedings as indicated in the opinion.