[File No. Crim. 235]

IVAN DAVIDSON, Petitioner, v. O. J. NYGAARD, Respondent.

(48 NW2d 578)

Opinion filed June 5, 1951

*Wm. R. Mills,* for Petitioner.

*E. T. Christianson,* Attorney General, for State, and

· *Clair M. Ghylin,* Special Asst. Attorney General, for Respondent.

GRIMSON, J. Ivan Davidson has petitioned this court for a writ of habeas corpus. He alleges in his petition that he is imprisoned and restrained of his liberty at the State Penitentiary at Bismarck, Burleigh County, North Dakota; that his application for habeas corpus has been denied by the District Court of Burleigh County; that the cause or pretense of such confinement or restraint is that he is held under a sentence by the District Court of Cass County for the "crime of conviction of three or more felonies prior to his conviction of rape in the first degree on Jan. 7, 1948," and that the imprisonment is illegal as there is no such crime either at common law or by statute. An order to show cause was issued upon said petition. The warden made his return attaching thereto a copy of an order denominated "sentence" and a commitment issued out of the District Court in and for the County of Cass, State of North Dakota, on the 16th day of January 1948 by virtue of which he was holding and restraining the petitioner. A hearing was had. Upon that hearing the attorney general filed the transcript and files of the proceedings on sentence.

The scope of the inquiry upon an application for a writ of habeas corpus and the rules which must be applied in determining whether a writ of habeas corpus should issue is thoroughly discussed by Judge Christianson for the court in the case of Ryan v. Nygaard, 70 ND 687, 694, 297 NW 694, 700. The conclusion is reached that the writ of habeas corpus cannot be utilized as a substitute for an appeal or writ of error; that the inquiry is limited to questions of jurisdiction. State ex rel Smith v. Lee, 53 ND 86, 205 NW 314; Cook v. State, 54 ND 178, 208 NW 977; In re Cook, 54 ND 193, 209 NW 231.

" 'To have jurisdiction is to have the power to inquire into the facts and apply the law' . . . . A court has jurisdiction of the cause when the laws of the sovereignty in which the tribunal exists grants it power over the subject matter and to adjudge concerning the general question involved. Bouvier's Law Dict., Hunt v. Hunt, 72 NY 217, 28 Am Rep 129 . . . when a court has jurisdiction of a cause and of the parties, it does not lose jurisdiction because it makes a mistake in determining either the facts or the law or both. Jurisdiction does not depend upon the correctness of the decision made." Reichert v. Turner, 62 ND 152, 157, 242 NW 308.

Attacks on a judgment by habeas corpus are collateral. A judgment cannot be impeached for error or irregularity anterior to a judgment unless they amount to a lack of jurisdiction. Jurisdiction is ordinarily defined as the power to hear and determine. No mere error or irregularity in its exercise can ordinarily render a judgment null. See Secs 1546, 1548, 1554, 3 Freeman on Judgments, pages 3172, 3179, and 3193. See also Mazakahomni, Petitioner v. State of North Dakota, 75 ND 73, 25 NW 2d 172.

"Unless a judgment is an absolute nullity, imprisonment under it cannot be unlawful; and it is not a nullity, though erroneous, if the court has general jurisdiction, and, until reversed, cannot be disregarded." 15 Am Jur Judgment and Sentence, Sec 442, p 102.

"Upon habeas corpus the court ordinarily will inquire no further than to determine whether the court had jurisdiction. The jurisdictional inquiry will extend to the question of the jurisdiction of the court over the person and the subject matter, and to its power to make a particular order or judgment entered in the proceedings." In re Solberg, 52 ND 518, 203 NW 898.

It appears that on Dec. 22, 1947, a criminal information was filed against the petitioner charging him with committing the crime of rape in the first degree. To that information he pleaded not guilty. A trial was had before a jury in Cass County and on January 7, 1948, petitioner was found guilty of rape in the first degree. No question is raised of the court's jurisdiction of the

petitioner and of the rape prosecution. The petitioner was represented by counsel throughout all the proceedings.

On January 16, 1948, before sentence was passed upon his conviction for rape the state's attorney by leave of the court filed an information against the petitioner under the habitual criminal statute, Sec 12–0623 NDRC 1943, which provides that: "If at any time before judgment and sentence, . . . it shall appear that one convicted of a felony, previously has been convicted of crimes as set forth in Sections . . . 12–0621 (3 or more times), the state's attorney of the county in which such conviction was had shall file an information with the court in which such conviction was had accusing such person of the previous convictions."

In that information the state's attorney accused the petitioner of: "Committing the crime of conviction of three or more felonies prior to his conviction of rape in the first degree on January 7, 1948 and charges that heretofore, to wit: On the 7th day of January 1948, in the County of Cass and State of North Dakota, the said defendant was duly convicted of the crime of rape in the first degree; that prior thereto, the said defendant was duly convicted on the 21st day of June 1944 in the District Court of Cass County, North Dakota of the crime of burglary in the third degree and was sentenced to the State Penitentiary at Bismarck for a term of from three to five years; that prior thereto and on or about the 25th day of October 1939, the said defendant was duly convicted of the crime of burglary in the District Court Griggs County, North Dakota, and was sentenced to the State Penitentiary at Bismarck for a term of ten years; that prior thereto and on or about the 25th day of October, 1939, the said defendant was duly convicted of the crime of grand larceny and was duly sentenced to the State Penitentiary at Bismarck for a term of three years, to run concurrently with the prior sentence imposed on the same date; that prior thereto and on the 20th day of June 1935, the said defendant was duly convicted in Wolf Point, Montana of the crime of burglary and was duly sentenced to the State Penitentiary at Deer Lodge Montana for a term of five years; that prior thereto and on or about the 21st day of April 1932, the said defendant was duly convicted in

the District Court of Foster County, North Dakota of the crime of burglary in the third degree and was duly sentenced to the State Penitentiary at Bismarck for a term of three to five years; that prior thereto the said defendant was on or about the 6th day of June 1931 duly convicted of the crime of burglary in the third degree in the District Court of Griggs County, North Dakota and was duly sentenced to a term in the State Penitentiary at Bismarck of one year.

Error is claimed because the state's attorney in the caption or formal part of that information accused the petitioner of "committing the crime of conviction of three or more felonies. . . ." It is true that phrase names no crime. It, however, is not a material part of the information. In Ex parte Bailey, 60 Okla Cr 278, 64 Pac2d 278, it is held that "The fact that the information designated the offense as the crime of 'being an habitual criminal' is immaterial as the offense charged depends upon the facts alleged." The statute, Sec 12–0623 NDRC 1943, requires the state's attorney to file an information "accusing such person of previous convictions." In the body of the information the state's attorney set the previous convictions out in detail. That is the material part of the information. "The body or charge of an information is the substantial part thereof. It sets forth the offense and determines the character of the charge." 42 CJS Indictments and Informations, Sec 81, p 942. See also State v. Findling, 123 Minn 413, 144 NW 142, 25 Am Jur Habitual Criminal, Sec 26, p 273.

This court has passed upon this matter in State v. Bossart, 62 ND 11, 17, 241 NW 78. The formal part of the information charged the defendant with grand larceny. The jury found him guilty of grand larceny. A new trial was granted because the charging part of the information did not charge grand larceny. The charging part alleged that the goods stolen were of the value of $20.00. This court held:

"This is the important part of the information and it only charges petit larceny. 'The caption (or formal part) of an indictment or information need not state or describe the offense charged, and if it does so, any misstatement therein or variance

from the indictment will be immaterial.' (Citing 31 CJ 609, Sec 90 and numerous other cases.) It follows as a matter of course that defendants could only be tried for and convicted of petit larceny as charged in the information."

The information alleges the facts of the previous convictions. That was the gist of the information. The misnomer in the formal part is immaterial. The requirements of the statute were fulfilled. The information was sufficient to give the court jurisdiction of the proceedings under the habitual criminal act, Sections 12–0621 and 12–0623 NDRC 1943, in connection with the present conviction of the crime of rape.

The transcript of the proceedings upon sentence shows that after the filing of that information the proper arraignment of the petitioner was had. He was asked his true name by the state's attorney. He was advised by the court that: "You have the right, if you wish it, to a trial on this charge, and you have the right to have the charges made in this information proved by the state, or you may enter a plea at this time of either guilty or not guilty to each one of these charges as made in the information. In other words, you may admit or deny and if you deny them it is up to the state to prove them. I also inform you that if these charges are proved the penalty which can be imposed can be no greater than the penalty under the crime for which you were convicted in this county on the 7th day of January of this year."

The petitioner's counsel then asked the court whether the petitioner, if he pleaded "guilty to the habitual criminal act," could be later sentenced on the first degree rape charge. The court answered: "If he admits these charges that are made here and is sentenced upon this information that precludes a sentence upon the conviction of first degree rape, provided that the court has proper jurisdiction of this proceeding and that the sentence imposed is within the limits of the law. In other words, he is sentenced now upon this, if he admits it, rather than upon the rape charge but I simply informed him the maximum penalty under either is the same." The petitioner then pleaded guilty.

It will be remembered that this last information alleged as

its basis for bringing the prior convictions before the court that the petitioner had been convicted of rape in the first degree. On this conviction no sentence had been passed. That was still pending before the trial court. The trial court still had jurisdiction of the rape charge and what he had said in discussion with counsel prior to the passing of sentence did not divest him of that jurisdiction. Furthermore, the most reasonable interpretation that can be placed upon that discussion is that he was continuing to exercise jurisdiction over the rape charge and was including punishment for it in the sentence he was about to pass. Otherwise, the petitioner could have been sentenced later on the rape charge which the court said was precluded by the sentence he was going to pass. That that is what the court intended is further borne out by the proceedings taken by the court thereafter. What he did as well as what he said and all the circumstances surrounding the passing of the sentence must be considered in determining the court's jurisdiction.

Before the sentence was passed the petitioner was asked if there was any legal cause why sentence should not be imposed. The defendant answered, "No". Sec 29–2615 NDRC 1943, provides that: "If no sufficient cause is alleged or appears to the court why judgment should not be pronounced, it thereupon must be rendered." In accordance therewith the court pronounced sentence upon the petitioner, which, with the material parts of the court's introductory remarks, is as follows:

"The Court : Mr. Davidson, it is not my purpose at this time to lecture you or preach any sermon. The record largely speaks for itself. The passing of sentence in criminal actions has different elements connected with it, one being the punishment for the actual offense committed, the other the hope of humanity that by incarcerating people who are guilty of crime they may see the errors of their ways and reform. From your record it would appear that your previous confinements to the prison have not effected that. . . . The crime of which you were convicted on January 7th. was one which is most abhorrent to society, an attack upon a young girl, who has the right to be secure in her person and the enjoyment of life. And the fact that you had no reasonable explanation of why you were picked

up at approximately midnight on the night of the crime, that you were in such condition that some explanation had to be made, and you had none to offer, and that the scientific testimony in the case shows beyond any reasonable doubt that you were guilty of it; in view of your past record, and in view of that crime, there is nothing for me to do but to accept the recommendation of the state's attorney and impose the sentence I am going to impose.

"And it is the sentence that you, Ivan Wilford Davidson, be, confined to the state penitentiary, at Bismarck, North Dakota, at hard labor, for the balance of your natural life."

Sec 29-2623 NDRC 1943, provides that: "When judgment upon the conviction is rendered the clerk must enter the same upon the minutes. . . ." In accordance therewith the record shows that the clerk entered the following upon his minutes: "It is the sentence of this court that you, Ivan Wilford Davidson, be confined to the state penitentiary, at Bismarck, North Dakota, for life." After that a purported, written copy denominated "sentence" was signed as follows:

"Now, on this 16th. day of January A.D. 1948, the State's Attorney in and for the County of Cass, State of North Dakota, and the defendant, Ivan Wilford Davidson come into court, and this being the day fixed by the court for the pronouncing of judgment upon conviction of the defendant, above named, of the crime of conviction of three or more felonies prior to his conviction of rape in the first degree on Jan. 7, 1948, as charged in the information heretofore filed against said defendant, in this court; and the defendant being informed by the court of the nature of the information and of his plea of "guilty" and the verdict, and being asked whether or not he has any legal cause to show why judgment should not be pronounced against him, and none being shown, the court does adjudge, and the sentence of the court is that you, Ivan Wilford Davidson, be imprisoned in the Penitentiary, at Bismarck, in said state, for the term of life imprisonment at hard labor commencing at twelve o'clock, noon, of this day, and that you stand committed until the sen-

tence be complied with or until discharged by due process of law.

By the court,

John C. Pallock, Judge

Attest: Theo L. Hanson,

Clerk."

That is the process that was delivered to the warden. No appeal was taken. The petitioner claims that because this written copy, denominated "Sentence" recites that "This being the day fixed by the court for the pronouncing of judgment upon conviction of the defendant above named of the crime of conviction of three or more felonies prior to his conviction of rape in the first degree on Jan. 7, 1948, as charged in the information heretofore filed, . . ." the sentence passed is on a non-existent crime and void. That instrument, however, is not the sentence in the instant case.

The procedure for sentencing under our laws is provided by Sections 29–2601 to 29–2615 NDRC 1943, inclusive. Under Sec 29–2615 sentence is pronounced orally in open court. There is no provision for any other way of passing sentence. The clerk must enter the same upon the minutes. Sec 29–2623. To execute said judgment a certified copy of the entry upon the minutes is furnished the executing officer, Sec 29–2701, and delivered to the warden if judgment is to the penitentiary, Sec 29–2705. The proceedings under these sections provide the method of the sentencing and of the execution of the judgment. The oral sentence pronounced, Sec 29–2615, is the judgment of the court and prevails over any change made in the written copy.

This court so held. In re Perry, 70 ND 599, 297 NW 132, the trial court pronounced a sentence of a fine of $50.00 and 60 days in jail. In the written judgment thereafter signed by the court the following provision was added: "Upon failure to pay said fine you shall serve an additional day in said Stark County jail for every $2.00 of said fine remaining unpaid." This court held: "That the judgment pronounced orally and not the written judgment subsequently entered by the court fixes the sentence." The punishment inserted in the written judgment for non-payment of the fine was held void. That applies to the additional language used in the copy of sentence in the case at bar.

As before stated the sentence orally pronounced and hereto-

fore quoted is the judgment in the case at bar. It does not in so many words name the crime upon which it was passed. It otherwise fixes the terms thereof. The question arises what was the crime for which it was imposed. That has to be determined from the whole record of the proceedings.

"A sentence, as any other judgment, is construed in its entirety according to the usual canons of construction and so as to give effect to the intent of the sentencing court." 24 CJS Construction of Sentence, Sec 1585, p 114. See also Fredericks v. Snook, Circuit Court of Appeals, Fifth District, 8 Fed2d 966; Hambrick v. State, 80 Fla 672, 86 So 623.

In Watson v. Lawson et al, 166 Cal 235, 135 Pac 961, the court held: "Where the language of a judgment is in any degree uncertain the court may properly refer to the circumstances surrounding the rendition thereof and to the condition of the cause in which it has been entered, and consider it in regard to the law regulating the rights of the parties." See also People ex rel Sammons v. Hill, Warden, 345 Ill 103, 177 NE 723; Casey v. State, 19 Ala App 317, 97 So 165; People v. Barnnovich, 16 Cal App 427, 117 Pac 572; 1 Bishop New Criminal Procedure, Sec 1348, p 823.

In the case of Pointer v. U. S. 151 US 419, 14 Sup Ct 410, 38 L Ed 208, an objection was made because the final judgment did not name the crime for which the sentence was passed. The court said:

"The specific objection to the sentence is that it does not state the offense of which the defendant was found guilty, or that the defendant was guilty of any named crime. This objection is technical, rather than substantial. . . . While the record of a criminal case must state what will affirmatively show the offense, the steps, without which the sentence cannot be good, and the sentence itself, 'all parts of the record are to be interpreted together, effect being given to all, if possible, and a deficiency at one place may be supplied by what appears in another.'" See also State v. Cook, 92 Iowa 484, 61 NW 185.

In Ex parte Gibson, 31 Cal 620, 91 Am Dec 546, the petitioner asked for a writ of habeas corpus on the ground that the process under which he was held was defective in the matter of the sentence required by the law, and therefore void. The process

held by the warden was held void but the attorney general then presented a transcript of the proceedings and the final judgment rendered by the court under which he claimed petitioner should be held. That judgment was: "That you, William P. Gibson, be taken by the sheriff of Calaveras County to the state prison of the State of California, and there be confined for the period of ten years from the date of your conviction." The objection raised to that judgment was that it did not state the offense of which he was convicted; and in view of that omission, it was claimed that it was void, and therefore, furnished no legal warrant for the detention of the prisoner. This objection was founded upon the terms of Sec 462 of the California Criminal Practice Act, (See 1207 Deering's 1931 Penal Code) which require a clerk, in entering a judgment of conviction, "To state briefly the offense for which the conviction has been had." That provision is embodied verbatim in our Sec. 29–2623 NDRC 1943. The court set forth some of the requirements that should, according to law be stated in the judgment, but said:

"But while all this ought regularly and properly to appear in the entry of judgment it does not follow that the omission of some of them or any of them, will render the judgment erroneous, much less void. . . . Whether this judgment, then, is absolutely void or not is merely a question of jurisdiction. If it appears that the court had jurisdiction of the subject matter and the person of the defendant . . . the judgment is not void, however erroneous it may be, unless it is so uncertain in its terms as to be void on that ground. But no question of the latter character is made in this case."

Indefiniteness of the terms of the sentence is not raised in the case at bar. Neither is there any question that the trial court had jurisdiction to sentence upon the crime of rape in the first degree of which the petitioner had just been convicted and which was pending before him for sentence. The trial court acted fully within his power. A life sentence could be given for either rape in the first degree or under the habitual criminal act. The court in Ex parte Gibson, supra, finally said: "The judgment in this case may be erroneous in not stating more definitely the offense of which the prisoner was convicted, but I am satisfied that it is not void. My conclusion is, that the process now in the

hands of the warden of the state prison is sufficient to justify the detention of the prisoner until the expiration of the ten years for which he was sentenced."

In the case of Convey v. Haynes, 230 Iowa 485, 298 NW 647, a writ of habeas corpus was sought on the ground that the court, after receiving a plea of guilty of murder, had failed to ascertain by examination of witnesses the degree of murder as provided by Sec 12913 of the Iowa Code, 1939, which provides: "The court must, by examination of witnesses, determine the degree, and . . . must enter judgment and pass sentence accordingly." The court held that there was jurisdiction in the district court; that jurisdiction was not lost by that error in procedure and that the judgment rendered could not be reviewed in a habeas corpus proceeding. To the same effect is McCormick v. Hallowell, 215 Iowa 638, 246 NW 612.

In the case of Goodman v. Kunkel, Warden, Circuit Court of Appeals, Seventh Circuit, 72 Fed Rep 2d 334, the petitioner sought a writ of habeas corpus to obtain his discharge from the state prison. He had been convicted upon an indictment charging him in Count 1 of feloniously breaking into and entering a dwelling in the night-time with intent to steal goods and chattels, in Count 2 of feloniously stealing goods and chattels, etc., and in Count 3 with having been convicted, sentenced and imprisoned in penal institutions three times and setting out the record of said convictions. The jury found him guilty on the burglary count and "that the defendant is an habitual criminal." The court failed to sentence him under his conviction of burglary but rendered a life sentence under the habitual criminal act. That act, Sec 2340 of the Indiana Statute (Burns' 1926) provided that: "If the trial jury, in their verdict, find these facts to be true, and convict such defendant of the third felony, the trial court, *after passing sentence of imprisonment for a specific term.* (Italics ours) as prescribed by the statute, shall proceed to sentence the defendant to imprisonment for his or her life." It was contended by the petitioner that his conviction under Count 3 was void; that finding him to be an habitual criminal was not conviction under Count 3 wherein only the former convictions were alleged and "that the sentence of the court fails to follow the statute, in that it did not sentence him for the

specific crime alleged in Count 1; that, therefore, the court was without jurisdiction or power to impose the sentence which it did impose and the judgment and sentence are void. . . ." The court held that the habitual criminal statute did not create a new or independent crime and that finding the prisoner to be "an habitual criminal" did not comply with the requirements of the Indiana Criminal Statute. It also found that the court failed to comply with Sec. 2340, supra, in not passing the statutory sentence on a burglary conviction, "but imposed the sole sentence of life imprisonment—a sentence which the specific offense of which the appellant was sentenced does not carry." But the court held, citing many Indiana cases, that these irregularities were the basis for only a collateral attack on the judgment and not grounds for granting a writ of habeas corpus. And the court held the trial court was not deprived of jurisdiction by such irregularities.

It will be noticed that in the above case the irregularities of the trial court in the sentencing were similar to those in the case at bar. In both cases the trial courts failed to sentence separately and distinctly upon the principal crime as the statute required. In both cases only one sentence was passed. In both cases the sentence was irregularly passed in connection with the habitual criminal act.

The petitioner relies on the case of Ex parte Watt, (SD) 44 NW2d 119. That also was upon a petition for writ of habeas corpus. The facts, however, distinguish that case from the one at bar. In that case the petitioner had been charged under the information in Count 1 with grand larceny, and in Count 2 with burglary in the third degree. He pleaded guilty to both counts. Then a second information was filed charging him with being an habitual criminal and alleging his convictions of four prior felonies, to which information he entered a plea of guilty. Thereupon the court sentenced him on Count 1 to be imprisoned in the state penitentiary for five years and on Count 2 for ten years, after that he sentenced him, separately, "upon the information charging him as being an habitual criminal to life imprisonment."

In Ex parte Watt the trial court passed sentence upon the petitioner on the substantive offenses alleged in Count 1 and Count 2 of the information under the statute providing the punishment for those particular crimes. The court exhausted his power and jurisdiction to pass any further sentence for those crimes. The petitioner served his time under these sentences. The court attempted to pass a third sentence upon the petitioner, not to augment the punishment for the crimes for which he had been already sentenced, but for the crime of being "an habitual criminal." There being no such crime the court held the sentence attempted to be passed upon it was beyond the jurisdiction of the trial court and void. The facts with regard to the sentencing in the case at bar are different so this holding is not in point. Considering the record and circumstances as they appear from the files and transcript filed on the hearing, in the light of these authorities, it is clear that the trial court in the instant case had jurisdiction of the prosecution and conviction of the petitioner for the crime of rape; that he had jurisdiction of the proceedings filed under the habitual criminal act; that the information filed under that act set out not only the six prior convictions but also, as a basis for the application of the habitual criminal act, linked it to the conviction of rape in the first degree on which no sentence had been passed but of which the court still had jurisdiction; that the petitioner was duly arraigned and informed of his rights under that information and admitted the charges therein; that there was then pending before the court the conviction of petitioner for rape in the first degree on which no sentence had been passed and his record of six prior convictions; that prior to sentence the attorneys for both the defendant and the state addressed the court in which addresses both of them referred to the petitioner's conviction of the crime of rape; that the trial court in pronouncing the oral sentence as heretofore set forth stressed the crime of rape and said that "In view of your past record and in view of this crime" (the rape) he was going to impose the sentence he did impose. All these circumstances indicate that the intention of the trial court was to impose a sentence for the crime of rape taking into considera-

tion the prior convictions in determining the length of that sentence.

"An interpretation will not be adopted which is inconsistent with the court's jurisdiction. In construing any portion of the language of a judgment, while it should be taken in its ordinary legal meaning it must be considered in connection with its context and the judgment as a whole, and the circumstances surrounding the making of the judgment—the conditions of the cause in which it was rendered." Freeman on Judgments, Vol 1, Par 76, p 133.

"Every presumption must be indulged in support of the judgment. Error or the abuse of discretion in the exercise of jurisdiction does not constitute the want of jurisdiction." People v. Kaiser, 135 NY Supp 274, 281.

"Whenever a judgment is susceptible of two interpretations one of which is within the power of the judge the other is not, the first must be preferred." Copley v. William Robertson, Trustee, 23 La Rep 155, 6 La Ann 181.

Applying the foregoing rules of construction to the facts in this case it seems clear that the interpretation that should be given to the sentence imposed is that it was a sentence for the crime of rape in the first degree as augmented under the provisions of the habitual criminal act. The sentence was within the jurisdiction and power of the trial court. It is not void. Any irregularities in the procedure are not matters that can be considered on a petition for habeas corpus.

The application for a writ of habeas corpus is hereby denied.

SATHRE, J., concurs.

MORRIS, Ch. J. I concur in the opinion prepared by Judge Grimson and would emphasize the correctness of the result by these observations of my own. This is an original proceeding in the supreme court upon the petition of Ivan Davidson for a writ of habeas corpus. The petition shows that he is imprisoned in the State Penitentiary at Bismarck, Burleigh County, North Dakota. It also appears that he made application for a writ of habeas corpus to the District Court of Burleigh County, which

156

application was denied on February 19, 1951. He challenges the legality of his duress upon the grounds that the judgment and sentence under which he is imprisoned is void.

The record discloses that on December 22, 1947, an information was filed by the State's Attorney of Cass County, North Dakota, charging the petitioner with committing the crime of rape in the first degree. He was tried before a jury and found guilty on January 7, 1948. On the 16th day of January, 1948, no sentence having been pronounced upon the defendant for his conviction of rape, the State's Attorney of Cass County filed in the district court the following information:

"The State's Attorney for the County of Cass in the State of North Dakota accuses Ivan Wilford Davidson of committing the crime of Conviction of three or more felonies prior to his conviction of Rape in the First Degree on January 7, 1948 and charges that heretofore, to-wit: on the 7th day of January 1948, in the County of Cass and State of North Dakota, the said de-fendant was duly convicted of the crime of Rape in the First Degree; that prior thereto, the said Defendant was duly convict-ed on the 21st day of June 1944 in the District Court of Cass County, North Dakota of the crime of Burglary in the third degree and was sentenced to the State Penitentiary at Bismarck for a term of from three to five years; that prior thereto and on or about the 25th day of October 1939, the said Defendant was duly convicted of the crime of Burglary in the District Court Griggs County, North Dakota, and was sentenced to the State Penitentiary at Bismarck for a term of ten years; that prior thereto and on or about the 25th day of October, 1939, the said Defendant was duly convicted of the crime of grand larceny and was duly sentenced to the State Penitentiary at Bismarck for a term of three years, to run concurrently with the prior sentence imposed on the same date; that prior thereto and on the 20th day of June, 1935, the said Defendant was duly convicted in Wolf Point, Montana of the crime of burglary and was duly sentenced to the State Penitentiary at Deer Lodge, Montana for a term of five years; that prior thereto and on or about the 21st day of April 1932, the said defendant was duly convicted in the District Court of Foster County, North Dakota of the crime of burglary

in the third degree and was duly sentenced to the State Penitentiary at Bismarck for a term of three to five years; that prior thereto the said defendant was on or about the 6th day of June, 1931 duly convicted of the crime of Burglary in the third degree in the District Court of Griggs County, North Dakota and was duly sentenced to a term in the State Penitentiary at Bismarck of one year. This against the Peace and Dignity of the State of North Dakota, and contrary to the form of the Statutes in such case made and provided."

The State's Attorney then advised the court that he was filing the information under the provisions of Section 12–0623 RCND 1943, which insofar as is important here provides:

"If at any time before judgment and sentence, or at any time after judgment and sentence but before such judgment and sentence is executed fully, it shall appear that one convicted of a felony, previously has been convicted of crimes as set forth in sections 12–0618, 12–0619, 12–0620, and 12–0621, the state's attorney of the county in which such conviction was had shall file an information with the court in which such conviction was had accusing such person of the previous convictions. The court shall cause the person, whether confined in prison or otherwise, to be brought before it and shall inform him of the accusations contained in the information by reading it to him, and of his right to be tried as to the truth thereof according to law, and shall require such person to say whether he has been convicted as charged in the information or not. If he shall say that he has not been convicted as therein charged, or refuses to answer, or remains silent, his plea or the fact of his silence shall be entered of record and the court shall make an order directing that the truth of the accusations made in said information be submitted to a jury at the then present term of court, if in term time and a jury is in attendance, unless continued for cause, or at the next ensuing term of court when a jury is in attendance. If the jury shall find and determine by evidence beyond a reasonable doubt that the accused has been convicted one or more times as charged in said information, or if the accused acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted, the court shall sentence

him to the punishment or penalty of imprisonment as provided in sections 12–0618, 12–0619, 12–0620, and 12–0621,. and shall vacate any previous judgment and sentence if one had been entered or imposed."

Section 12–0621 referred to in the preceding quotation provides: "A person committing a felony within this state after having been convicted of felonies three or more times, either in this state or in any other state of the United States, may be punished by life imprisonment in the penitentiary." The petitioner was represented by an attorney who participated in a discussion with the court and the State's Attorney. The court asked the State's Attorney if he wanted to arraign the defendant and received this reply: "Yes, I would like to make the arraignment at this time, prior to passing sentence on the rape charge." The petitioner was then arraigned. The court advised him that he had a right to a trial and to have the charges made in the information proved by the state, or he could plead guilty. The court further stated: "I also inform you that if these charges are proved the penalty which can be imposed can be no greater than the penalty under the crime for which you were convicted in this county on the 7th of January of this year." Petitioner's counsel then asked the court that if the defendant plead guilty to the habitual criminal act, could he later be sentenced to the charge of rape in the first degree? and the court said: "If he admits these charges that are made here and is sentenced upon this information, that precludes a sentence upon the conviction for first degree rape, provided that the court has proper jurisdiction of this proceeding and that the sentence imposed is within the limits prescribed by law; in other words, he is sentenced now upon this, if he admits it, rather than upon the rape charge, but I simply informed him that the maximum penalty under either is the same." The petitioner then plead guilty.

After listening to recommendations of petitioner's counsel and the State's Attorney, the court addressed himself to the petitioner. The pertinent portion of what the court said in this: "The crime of which you were convicted on January 7th was one which is most abhorrent to society . . . scientific testi-

mony in the case shows beyond any reasonable doubt that you were guilty of it; in view of your past record, and in view of that crime, there is nothing for me to do but to accept the recommendation of the states attorney and impose the sentence that I am going to impose.

"And it is the sentence that you, Ivan Wilford Davidson, be confined to the state penitentiary, at Bismarck, North Dakota, at hard labor, for the balance of your natural life." This is the sentence pronounced by the court.

The following written sentence was later signed by the court and attested by the clerk:

"Now, on this 16th day of January A.D. 1948, the States Attorney in and for the County of Cass, State of North Dakota, and the Defendant, Ivan Wilford Davidson come into Court, and this being the day fixed by the Court for the pronouncing of Judgment upon conviction of the Defendant, above named, of the crime of Conviction of three or more felonies prior to his conviction of Rape in the First Degree on Jan. 7, 1948, as charged in the Information heretofore filed against said Defendant, in this court; and the defendant being informed by the Court of the nature of the Information and of his plea of 'guilty' and the verdict, and being asked whether or not he has any legal cause to show why judgment should not be pronounced against him, and none being shown, the Court does adjudge, and the sentence of the Court is that you, Ivan Wilford Davidson be imprisoned in the Penitentiary at Bismarck, in said State, for the term of life imprisonment at hard labor commencing at twelve o'clock, noon, of this day, and that you stand committed until the sentence be complied with or until discharged by due process of law."

Chapter 29–26 RCND 1943 provides for judgment and sentence in criminal actions. The sentence pronounced orally by the judge is the judgment of the court and the statute contemplates that the written judgment that is ultimately filed and made a part of the court records is a copy of the oral judgment pronounced by the court. In event of conflict between the oral and written

judgments, the former prevails. In re Perry, 70 ND 599, 297 NW 132.

This is an application for a writ of habeas corpus and not a review upon appeal. This court has said:

"It is the settled rule in this state that 'upon habeas corpus the court ordinarily will inquire no further than to ascertain whether the court or officer issuing the process on which the prisoner is detained had jurisdiction of the case, and acted within that jurisdiction in issuing process. . . . Mere errors or irregularities of procedure, not affecting the question of jurisdiction, are never reviewable on habeas corpus; and where the process is regular and valid upon its face, the inquiry will go only to the question of jurisdiction.' State ex rel Styles v. Beaverstad, 12 ND 527, 531, 97 NW 548. 'The jurisdictional inquiry, however, will extend to the power of the court or magistrate to make the commitment. *Jurisdiction to make the judgment or order is essential* as is jurisdiction of the person and of the subject matter.' Ibid. p. 532. See also State v. Floyd, 22 ND 183, 132 NW 662; Church, Habeas Corpus, 2nd ed. Section 305. The reason is that on habeas corpus the attack on the judgment is collateral. The rule is well settled, however, that if the 'particular judgment in question' was entered without authority, habeas corpus will lie." Re Solberg, 52 ND 518, 203 NW 898.

There is no question but that the court had jurisdiction of the person of the petitioner and of the subject matter. The court pronounced a judgment and sentence of life imprisonment upon the petitioner. The sole question is whether or not he had jurisdiction to pronounce that judgment and sentence.

The statute under which the second information was filed, Section 12–0623 RCND 1943, contemplates two adjudications. The first adjudication is that of guilt of a new felony. The second is the adjudication of having been previously convicted of three cr more felonies. The first adjudication is that of criminal guilt, and the second is adjudication of a status or condition upon the establishment of which the court may impose greater punishment than that prescribed by law for the new offense.

The petitioner was convicted of rape in the first degree for which he could have been sentenced to life imprisonment. Before he was sentenced upon that conviction, he was charged in the second information with having been previously convicted of six named felonies. After he was duly cautioned as to his rights, the petitioner acknowledged or confessed in open court the former convictions. Upon his plea of guilty under the second information, he was also subject to life imprisonment under the provisions of Section 21–0621 RCND 1943. At the conclusion of the arraignment upon the second information, the petitioner stood before the court convicted of the crime of rape in the first degree upon which no sentence had been pronounced, and by his own confession, had been convicted of six prior felonies. Thus he came squarely within the provisions of Section 12–0623. Upon this record the court sentenced him to life imprisonment which it clearly had jurisdiction, power, and authority to do.

In support of the contention that the petitioner was sentenced for the nonexistent "crime of Conviction of three or more felonies prior to his conviction of Rape in the First Degree on January 7, 1948," the petitioner points to the statement made by the court to his counsel that if he was sentenced upon the second information "that precludes a sentence upon the conviction for first degree rape, . . . if he admits it, rather than upon the rape charge, but I simply informed him that the maximum penalty under either is the same." The court clearly pointed out that if the petitioner was sentenced in the proceedings then before the court, he could not later be sentenced upon the rape charge. This fairly implies that the court had in mind that the sentence which he would impose was a sentence and punishment for the rape, as well as the additional punishment that could be meted out by reason of his conviction of former felonies. This is borne out by the fact that the court, in his statement immediately prior to sentence, included the crime for which the petitioner was convicted on January 7, as well as his past record. At the most, the manner in which the court pronounced his judgment and sentence was erroneous. Such defects as are apparent from this record are not fatal to the court's jurisdiction to pronounce a

sentence of life imprisonment upon the petitioner. They there-fore afford no ground for the issuance of a writ of habeas corpus or any determination by this court that the petitioner is unlaw-fully imprisoned.

BURKE, J. (dissenting). The petitioner was convicted in the District Court of Cass County of the crime of rape in the first degree. The case was number 8007 of the criminal docket and the last minute entry of the clerk of court in the case, under the date of Jan. 7, 1948, notes the return of the jury into court with a verdict of guilty.

Thereafter the state's attorney filed an information, under the habitual criminal statute, which charged the petitioner with the "crime of conviction of three or more felonies prior to his con-viction of rape in the first degree." The filing of this information was treated as the institution of a new criminal action which was entered as number 8011 of the criminal docket. Concerning this case the minutes of the clerk of court, under date of Janu-ary 16, 1948, show:

"The above entitled action is brought on before the court at this time upon a criminal information filed by State's Attorney, Ralph F. Croal, charging the defendant with the crime of con-viction of three or more felonies prior to his conviction of rape in the first degree on January 7, 1948.

"The defendant appeared in court in the custody of the Sheriff and was represented by Atty. Lyle E. Huseby.

"Mr. Croal handed the defendant a copy of the criminal infor-mation, he read the information and moved the arraignment of the defendant.

"The defendant informed the court that his true name was Ivan Davidson and he entered a plea of 'guilty' and is now sentenced as follows:

" 'It is the sentence of this Court, that you, Ivan Wilford Davidson be confined to the State Penitentiary, at Bismarck, North Dakota for life.' "

The transcript of the record made upon this arraignment shows the following:

"The Court: Mr. Davidson, you are represented here by Mr. Huseby as your counsel. But in view of the nature of the charge, I am going to inform you of the effect of this new and separate charge from the one on which you were convicted on the 7th of January; and you have the right, if you wish it, to stand trial on this charge, . . . I also inform you that if these charges are proved the penalty which can be imposed can be no greater than under the crime for which you were convicted in this county on January 7th of this year.

"Mr. Huseby: Your honor, I think there are a couple of questions that you can answer which can clear up a number of problems for the defendant. First of all, if the defendant plead guilty to the habitual criminal act, the sentence,—could there be a later sentence on the charge . . . of first degree rape.

"The Court: Not if the court has jurisdiction of this proceeding and the penalty imposed is within the provisions of the statute.

"Mr. Huseby: I don't quite understand.

"The Court: If he admits these charges that are made here and is sentenced upon this information, that precludes a sentence upon the conviction of first degree rape, provided the court has proper jurisdiction of this proceeding and that the sentence imposed is within the limits prescribed by law. In other words, he is sentenced now upon this, if he admits it, rather than upon the rape charge."

The defendant thereupon pleaded guilty to the information filed in case number 8011 and the Court pronounced sentence. In pronouncing sentence the Court said:

"The passing of sentence in criminal actions has different elements connected with it, one being punishment for the actual offense committed, the other the hope of humanity that by incarcerating people who are guilty of crime they may see the error of their ways and reform. From your record it would appear that your previous confinements have not effected that. . . . The crime of which you were convicted on January 7th was one of the most abhorrent to society; . . . in view of your past record, and in view of that crime there is nothing for me to do but to accept the recommendation of the state's

attorney and impose the sentence I am going to impose." The Court thereupon sentenced the petitioner to life imprisonment.

The judgment of the court was thereafter reduced to writing and signed by the trial judge. It is as follows:

"Now, on this 16th day of January A. D. 1948, the State's Attorney in and for the County of Cass, State of North Dakota, and the defendant, Ivan Wilford Davidson come into court, and this being the day fixed by the court for the pronouncing of judgment upon conviction of the defendant, above named, of the crime of conviction of three or more felonies prior to his conviction of rape in the first degree on Jan. 7, 1948, as charged in the information heretofore filed against said defendant, in this court; and the defendant being informed by the court of the nature of the information and of his plea of 'guilty' and the verdict, and being asked whether or not he has any legal cause to show why judgment should not be pronounced against him, and none being shown, the court does adjudge, and the sentence of the court is that you, Ivan Wilford Davidson be imprisoned in the Penitentiary, at Bismarck, in said state, for the term of life imprisonment at hard labor commencing at twelve o'clock, noon, of this day, and that you stand committed until the sentence be complied with or until discharged by due process of law.

By the court,
John C. Pollock, Judge

Attest:
Theo. L. Hanson,
Clerk."

The petitioner is now confined in the State Penitentiary upon a commitment issued pursuant to this judgment. He has petitioned for a writ of habeas corpus, alleging that he is imprisoned upon a plea of guilty to a charge which does not constitute a crime. There is no question but that such an allegation of illegal restraint may be inquired into upon a writ of habeas corpus. It is true that upon a writ of habeas corpus "the investigation must be confined to jurisdictional matters. The jurisdictional inquiry, however, will extend to the power of the court or magistrate to make the commitment. Jurisdiction to

make the order is as essential as is jurisdiction of the person and of the subject matter." State v. Beaverstad, 12 ND 527, 532, 97 NW 548. That a court has no jurisdiction to try an accused upon an information which does not charge an offense and that a judgment of conviction upon such an information is void for want of jurisdiction are well settled propositions. 39 CJS 457; 25 Am Jur 174; Anno: 57 ALR 85; 100 Am St Rep 36.

The editor of the annotation in ALR supra, states at page 87: "The rationale of this doctrine is that in .criminal cases the jurisdiction of the court extends to such matters as the law has declared criminal, and none other; and when a court undertakes to punish for an offense to which no criminality attaches, however reprehensible such offense may be in the forum of conscience, the court acts beyond its jurisdiction. An indictment, information, or written accusation is the very groundwork of the whole superstructure of a prosecution for the commission of an offense. If such an information contains allegations of overt acts or conduct which does not constitute any crime known to the law, or undertakes to state an offense, but the facts stated do not constitute the offense, and no addition to them however full and complete, can supply what is essential, the court is without jurisdiction to put the accused on trial. In such a case the judgment of conviction cannot be corrected. It is simply void. Imprisonment thereunder is illegal, and the accused is entitled to his release in a habeas corpus proceeding, even though he might secure the same relief upon appeal."

It is clear therefore that in this case there are two questions to be decided. First, upon what charge was judgment of conviction pronounced against the petitioner? Second, does the charge, upon which such judgment was pronounced, constitute a criminal offense under the laws of this state?

As I view the record in this case, it shows, beyond any question that judgment of conviction was pronounced against the petitioner upon an information which charged him with the "crime of conviction of three or more felonies prior to his conviction of rape in the first degree", and upon that information alone.

The minutes of the clerk of court show that such information was filed and considered to institute case number 8011 of the

criminal docket. They show that the state's attorney moved the arraignment of the petitioner on that information, that petitioner pleaded guilty to the charge therein stated and that he was sentenced upon it. The minutes of the clerk also show that the last action of the court in case number 8007, the charge of rape, was the reception of the verdict of the jury. The written judgment, signed by the judge, states unequivocally, that the crime for which petitioner was sentenced was the "crime of conviction of three. or more felonies prior to his conviction of rape in the first degree."

Furthermore, the transcript of the proceedings upon the arraignment of the petitioner upon such information shows that the court informed the petitioner that this was a "new and separate charge" and that "if he admits these charges and is sentenced upon this information, that precludes a sentence upon the conviction of first degree rape."

. · The majority of this court, however, by a construction of the language used by the trial judge has been able to reach the conclusion that the trial judge, in pronouncing sentence orally, did something entirely different from what he had clearly stated he proposed to do, from what he thereafter stated in writing that he had done, and from what the minutes of the clerk of court show he did. They say that the language used by the court permits a conclusion that petitioner was sentenced upon the charge of rape as well as upon the charge of being an habitual criminal.

In my opinion the oral sentence will not bear such a construction. As I construe the trial judge's language it is consistent with what he said he proposed to do, with what he thereafter said he had done and with what the minutes of the clerk show he did. It is also inconsistent with any conclusion that at the time he sentenced the petitioner for the crime of "conviction of three or more felonies prior to his conviction of rape in the first degree," he also sentenced him upon the conviction of rape in the first degree. It is true that he mentioned that crime in passing sentence, but it is clear that he did so for the .sole purpose of showing that the petitioner was an unregenerate criminal and that when he said, "in view of your past record

and in view of that crime" he was merely stating matters which he took into consideration for the purpose of determining the duration of the sentence he would impose upon the plea of guilty to the information in case 8011 which all the records show was the only matter before the court at the time.

It is apparent upon the face of this record that both the state's attorney and the trial judge considered that the information filed under the habitual criminal statute charged a new crime and that the trial judge sentenced the petitioner for that alleged crime. The attorney for the defendant and the defendant, likewise, so understood the proceedings for the trial judge assured them that such was their nature.

Did this information charge a crime? The habitual criminal statute (Chapter 126, Laws of ND 1927.) does not create a new crime. It "provides for increased or added punishment for a person who is convicted of a felony in this state where, before the commission of such felony, such person has been convicted two or more times of felonies either in this state or in any other state in the United States." Ryan v. Nygaard, 70 ND 687, 697, 297 NW 694. "Habitual criminality is a state, not a crime," and "a judgment of conviction of an accused as an 'habitual criminal' is considered null and void." 24 CJS 1173. Ex parte Wray, 61 Okl Cr 162, 66 P2d 965; State v. King, 18 Wash2d 747, 140 P2d 230; State v. Hensley, 20 Wash2d 95, 145 P2d 1014; State v. Miller, 239 Wis 334, 1 NW2d 178; Ex parte Kuwitzky, 135 Neb 466, 282 NW 396; State v. Collings, 266 Mo 93, 180 SW 866.

Since the information upon which the judgment of conviction was pronounced did not charge a crime, the judgment was void.

The writ of habeas corpus should issue, but since petitioner has never been sentenced upon his conviction of rape in the first degree the Warden of the State Penitentiary should be directed to release petitioner to the custody of the Sheriff of Cass County for sentence in conformity with law.

CHRISTIANSON, J. (dissenting). I am unable to agree with the views expressed or the conclusion reached by the majority members of this court in the opinions prepared by Judge Grimson

and by Chief Justice Morris. I agree generally with the views expressed in the dissenting opinion prepared by Judge Burke and with the conclusion reached by him but desire to add some observations of my own.

In the petition for a writ of habeas corpus it is alleged that Ivan Davidson is "imprisoned and restrained of his liberty by the above named respondent at the state penitentiary in Bismarck, N. Dak. That the cause or pretense of such confinement or restraint is that the said Ivan Davidson is held from a sentence of the Judge at Cass County for the 'crime of conviction of three or more felonies prior to his conviction of Rape in the First Degree on January 7, 1948.' . . . That the said imprisonment is illegal and there is no 'crime of conviction of three or more felonies prior to his conviction of Rape' either at common law or by statute."

NDRC 1943, 32–2211 provides:

"The person upon whom the writ is served must state in his return, plainly and unequivocally: 1. Whether he has or has not the party in his custody or under his power or restraint; 2. If he has the party in his custody or power or under his restraint he must state the authority and cause of such imprisonment or restraint; 3. If the party is detained by virtue of any writ, warrant, or other written authority, a copy thereof must be annexed to the return and the original produced and exhibited to the court on the hearing of such return; . . ."

NDRC 1943, 32–2217 provides:

"If it appears on the return of the writ that the party is in custody by virtue of process from any court of this state, or any judge or officer thereof, such person may be discharged in any of the following cases, subject to the restrictions of section 32–2202: . . . 3. When the process is defective in some matter of substance required by law rendering such process void; 4. When the process, though regular in form, has been issued in a case not allowed by law; . . ."

NDRC 1943, Sec 32–2202 reads as follows:

"The person in whose behalf the application is made is not entitled to relief from imprisonment or restraint under a writ of habeas corpus, if the time during which such person may be

detained legally in custody has not expired, whenever it appears: 1. That he is detained in custody by virtue of process issued by any court or judge of the United States in a case where such court or judge has exclusive jurisdiction; or 2. Except as provided in section 32–2217, that he is detained in custody by virtue of the final order or judgment of any competent court of criminal jurisdiction or of any process issued upon such order or judgment."

In conformity with the requirements of the statute the respondent, warden of the State Penitentiary, filed a return wherein he alleged that "he has the said Ivan Wilford Davidson in his custody and control by virtue of a judgment and commitment issued out of the District Court in and for the County of Cass, State of North Dakota on the 16th day of January 1948." There is attached to the return and made a part thereof a copy of the judgment or sentence set forth in the opinions prepared by Judge Grimson and by Chief Justice Morris and in the dissenting opinion prepared by Judge Burke. Such judgment states that "this being the day fixed by the Court for the pronouncing of Judgment upon conviction of the Defendant, above named, of the crime of Conviction of three or more felonies prior to his conviction of Rape in the First Degree on Jan. 7, 1948, as charged in the Information heretofore filed against said Defendant, in this court; . . . the Court does adjudge, and the sentence of the Court is that you, Ivan Wilford Davidson be imprisoned in the Penitentiary at Bismarck, in said State, for the term of life . . . ."

The laws of this state make it the duty of the clerk of the district court to "keep a minute book which shall contain the daily proceedings of the district court and which shall be signed by the clerk." NDRC 1943, 11–1701 (10).

The laws of this state further provide:

"The clerk of the district court in which any criminal action or proceeding is pending or tried shall enter, in the minutes of such court, each ruling or decision of the court made in open court, if such ruling is not noted by the official reporter. A certified copy of any or all such entries shall be and become a part of the record of said action." NDRC 1943, 29–2307.

"When judgment upon a conviction is rendered, the clerk must enter the same upon the minutes, stating briefly the offense for which the conviction has been had, and, as soon as may be, must annex together and file the following papers which constitute a record of the action: 1. The information or indictment and all the papers filed in the action, together with a copy of the minutes of the plea; 2. A copy of the minutes of the trial; 3. The written charges given or refused, with endorsements, if any, thereon, and the written instructions given by the court, and the copy of any oral instructions by the court and filed with the clerk; and 4. A copy of the judgment." NDRC 1943, 29–2623.

. "When a judgment imposing a penalty other than a fine only or a judgment of death has been pronounced, a certified copy of the entry thereof upon the minutes must be furnished forthwith to the officer whose duty it is to execute the judgment, and no other warrant or authority is necessary to justify or require its execution." NDRC 1943, 29–2701.

. "If the judgment is for imprisonment in the penitentiary, the sheriff of the county, upon receipt of a certified copy thereof, must take and deliver the defendant to the warden of the penitentiary. He also must deliver to the warden or other proper officer a certified copy of the judgment and take from such warden or other proper officer a receipt for the defendant, and make return thereof to the court." NDRC 1943, 29–2705.

Upon hearing of this proceeding in this court there was submitted certified copies of the minutes of the clerk in two criminal actions or proceedings against the petitioner. Such minutes show that a criminal information was filed against the petitioner on December 22, 1947, charging him with rape in the first degree, that he entered a plea of not guilty and that the case came on for trial to a jury on January 6, 1948, and that a verdict of guilty of rape in the first degree was returned on January 7, 1948. The last entry made in the minutes of the court concerning this action is the return of the verdict on January 7, 1948. This action according to the minutes was criminal action number 8007 on the register of criminal actions. The minutes of the clerk further show that on January 16, 1948, the state's attorney filed what is denominated a criminal informa-

tion charging the petitioner with the "crime of conviction of three or more felonies prior to his conviction of rape in the first degree on January 7, 1948." In the dissenting opinion prepared by Judge Burke there is set forth in full the minutes of the clerk as entered and made a part of the record in this latter action, and I shall not reproduce any part of the minutes so set forth by Judge Burke in his opinion. The action or proceeding so instituted on January 16, 1948, was treated as a new criminal action and was entered as case number 8011 in the register of criminal actions. It will be noted that the minutes of the clerk refer alone to case number 8011—the action or proceeding under the habitual criminal statute. They are all entered in such action and no reference was made in the minutes of the clerk to any proceedings or action had in case number 8007. According to such minutes all proceedings that were had and taken were had and taken in said action number 8011, the action under the habitual criminal statute. There was also submitted upon the hearing a duly certified copy of the court reporter's transcript of the proceedings had in the action against the petitioner Davidson on January 16, 1948. Reference is made to these proceedings and parts of the transcript of the proceedings are set forth in the dissenting opinion prepared by Judge Burke. Reference to the proceedings is also made in the opinions prepared by Judge Grimson and by Chief Justice Morris. The entire record establishes beyond any doubt that the parties and the court considered the then pending proceeding as an independent criminal action wherein the defendant was charged with "a new and separate" crime,—the "crime of conviction of three or more felonies prior to his conviction of rape in the first degree on January 7, 1948." In fact, the trial court, as shown in the portion of the proceedings quoted by Judge Burke, so stated and he furthermore stated "you may enter a plea at this time of either guilty or not guilty to each one of these charges as made in the information."

The court reporter's transcript of the proceedings had on January 16, 1948, shows that after the state's attorney had presented the information charging the petitioner with committing "the crime of conviction of three or more felonies prior to his

conviction of rape in the first degree on January 7, 1948," and after the information had been handed to the defendant and read by the state's attorney, the court made a statement to the petitioner, quoted in the opinion prepared by Judge Burke, wherein he said in part, "Mr. Davidson, you are represented here by Mr. Huseby as your counsel. But in view of the nature of the charge, I am going to inform you of the effect of *this new and separate charge from the one on which you were convicted on the 7th of January;* and you have the right, if you wish it, to stand trial on this charge, and you have the right to have the charges made in this information proved by the state, or you may enter a plea at this time of either guilty or not guilty to each one of these charges as made in the information. . . . I also inform you that if these charges are proved the penalty which can be imposed can be no greater than the penalty under the crime for which you were convicted in this county on the 7th of January of this year." Thereupon the following colloquy took place between the court, Davidson's counsel and Davidson:

"Mr. Huseby: Your honor, I think there are a couple of questions that you can answer which can clear up a number of problems for the defendant. First of all, if the defendant plead guilty to the habitual criminal act, the sentence,—could there be a later sentence on the charge to which he has been found guilty of first degree rape.

"The Court: Not if the court has jurisdiction of this proceeding and the penalty imposed is within the provisions of the statute.

"Mr. Huseby: I don't quite understand.

"The Court: *If he admits these charges that are made here and is sentenced upon this information, that precludes a sentence upon the conviction for first degree rape,* provided that the court has proper jurisdiction of this proceeding and that the sentence imposed is within the limits prescribed by the law; *in other words, he is sentenced now upon this, if he admits it, rather than upon the rape charge,* but I simply informed him that the maximum penalty under either is the same.

"Mr. Huseby: Mr. Davidson knows all the facts. It is up to him to decide how he wants to plead to the information.

"Defendant: To this here?

"The Court: Yes.

"Defendant: Yes, your honor.

"The Court: Q. What is your plea?

"Defendant: A. I am guilty.

"The Court: Is there any legal reason why sentence should not be imposed at this time, any legal reason?

"Defendant: No."

Thereupon the petitioner's counsel made a statement wherein he questioned petitioner's mental competency and requested that opportunity be given to have the petitioner examined by doctors at the State Insane Asylum or possibly by a psychiatrist from out of the State. Following this the court asked the state's attorney if he had any recommendation to make whereupon the state's attorney made a statement wherein he recounted petitioner's record of criminal offenses. He then referred to petitioner's claim of innocence of the rape charge and stated that it was his firm belief that he committed the crime and that no one else could have. He then said, "We do not have his prior record—or perhaps I should say leaving out of consideration his prior record, in view of the brutality of the evidence in the rape case, *and (if) we had not had this prosecution, when the time came for sentencing in the rape case I would have recommended to the court that the defendant be imprisoned for life.*" He then concluded by saying, "I might also say that his record shows a parole violation, which is not charged in the information, but he did violate a parole at one time. Therefore, your honor, *in this case, under the habitual criminal act, that is, for the conviction of three or more felonies,* it is the recommendation, my recommendation, that the defendant be imprisoned for life." The court thereupon made a statement which is referred to in the other opinions and closed such statement by saying: "And it is the sentence that you, Ivan Wilford Davidson, be confined to the state penitentiary, at Bismarck, North Dakota, at hard labor, for the balance of your natural life."

The habitual criminal statute in this state does not create a new crime, it "provides for increased or added punishment for a person who is convicted of a felony in this state where before

the commission of such felony, such person has been convicted two or more times of felonies either in this state or in any other state in the United States." Ryan v. Nygaard, 70 ND 687, 697, 297 NW 694; Laws 1927, Chapter 126; NDRC 1943, 12–0620, 12–0621, 12–0623. That also seems to be the rule under habitual criminal laws generally. 24 CJS Sec 1971, p 1173; Ex Parte Kuwitzky, 135 Neb 466, 282 NW 396; Ex Parte Wray, 61 Okla Cr 162, 66 Pac2d 965; State v. Miller, 239 Wis 334, 1 NW2d 178; Watson v. State, 190 Wis 245, 208 NW 897; Mundon v. State, 196 Wis 469, 220 NW 650; In re Moreno, 83 Ohio App 54, 82 NE2d 325.

"A former conviction is pleaded and proven, not as constituting a separate and distinct offense, but as augmenting the penalty provided in the statute for the first offense." Watson v. State, supra.

"Habitual Criminal Statute, . . . , does not create or define a new or independent crime, but describes circumstances wherein one found guilty of a specific crime may be more severely penalized because of his previous conviction, as alleged and found." Ex Parte Wray, supra.

In this case there is no contention that the habitual criminal statute of this state creates an offense for which a person may be separately sentenced. It is not denied that it provides only for increased or added punishment for a person who is convicted of a crime where before the commission of such felony such person has been convicted of felony two or more times either in this state or in any other state of the United States. However, it is asserted in the opinions of the majority members that the petitioner was sentenced for the crime of rape in the first degree, and that the record so shows. Let us look at the record. As said, the opinions of Judge Grimson, Chief Justice Morris, as well as the dissenting opinion of Judge Burke, set forth the judgment, a copy of which is attached to respondent's return. That judgment specifically states that "on this 16th day of January A. D. 1948, the State's Attorney in and for the County of Cass, State of North Dakota, and the defendant, Ivan Wilford Davidson come into court, and this being the day fixed by the court for *the pronouncing of judgment upon conviction of*

*the defendant, above named, of the crime of conviction of three or more felonies prior to his conviction of rape in the first degree on January 7, 1948, as charged in the information heretofore filed against said defendant, in this court; . . ."* The minutes of the clerk set forth in Judge Burke's dissenting opinion are to like effect. There is nothing in the court reporter's transcript of the proceedings had at the time of the arraignment of the petitioner on the information filed under the habitual criminal act which in any manner conflicts with or contradicts the clerk's minutes or the judgment or sentence which was signed by the judge and attested by the clerk, and a copy of which was furnished to the warden of the penitentiary as his authority for receiving and detaining the petitioner. NDRC 1943, 29–2705. It is apparent from what took place and what was said by the trial judge that he intended to sentence and did sentence and pronounce judgment against the petitioner for the alleged "crime of conviction of three or more felonies prior to his conviction of rape in the first degree on January 7, 1948," and for that alone. After the information had been read by the state's attorney the court said to the petitioner:

"In view of the nature of the charge, I am going to inform you of the effect of this *new and separate charge from the one on which you were convicted on the 7th of January;* that you have the right, if you wish it, to a trial on this charge, and you have the right to have the charges made in this information proved by the State, or you may enter a plea at this time of either guilty or not guilty to each one of these charges as made in the information. In other words, you may admit or deny, and if you deny them it is up to the State to prove them. I also inform you that if these charges are proved the penalty which can be imposed can be no greater than the penalty under the crime for which you were convicted in this county on the 7th of January of this year."

Immediately following this statement the following colloquy took place between the petitioner's counsel and the court:

"Mr. Huseby: Your honor, I think there are a couple of questions that you can answer which can clear up a number of problems for the defendant. First of all, if the defendant plead guilty to the habitual criminal act, the sentence,—could there be

a later sentence on the charge to which he has been found guilty of first degree rape.

"The Court: Not if the court has jurisdiction of this proceeding and the penalty imposed is within the provisions of the statute.

"Mr. Huseby: I didn't quite understand.

"The Court: If he admits these charges that are made here and *is sentenced upon this information, that precludes a sentence upon the conviction for first degree rape,* provided that the court has proper jurisdiction of this proceeding and that the sentence imposed is within the limits prescribed by the law; in other words, *he is sentenced now upon this, if he admits it, rather than upon the rape charge,* but I simply informed him that the maximum penalty under either is the same."

The question of petitioner's counsel shows clearly that he was under the impression that the sentence under discussion was one that would be imposed upon the charge made in the information accusing the petitioner of conviction of three or more felonies prior to his conviction for rape on January 7, 1948. He desired to know what the effect would be if such sentence were imposed, whether there "could be a later sentence on the charge to which he has been found guilty of first degree rape?" If as the majority members hold the judge intended to sentence the defendant upon the verdict of guilty of rape in the first degree, there was a simple and direct answer to the question that would naturally have presented itself to the judge, to-wit: "If the defendant admits the charges in the information of former conviction of three or more felonies prior to his conviction of rape, I will sentence the defendant on the conviction of rape now, so naturally there will be no later sentence for rape." The court did not state or even intimate that he would sentence the petitioner for rape. His answer was to the contrary. He said: "If he admits these charges that are made here *and is sentenced upon this information, that precludes a sentence upon the conviction for first degree rape.*" The court further said, "in other words, *he is sentenced now upon this,* if he admits it, *rather than upon the rape charge,* but I simply informed him that the maximum penalty under either is the same." The court doubtless

chose his words with care. Precludes means "to render impossible or ineffectual by antecedent action; prevent." Funk & Wagnalls New Standard Dictionary of the English Language. The statements of the trial judge were clear and positive. Is it believable the trial judge notwithstanding his specific statements had a secret intention to pronounce sentence upon the petitioner for the crime of rape in the first degree? The answer, I think, is obvious. As is well said by Judge Burke in his dissenting opinion: "As I construe the trial judge's language it is consistent with what he said he proposed to do, with what he thereafter said he had done and with what the minutes of the clerk show he did. It is also inconsistent with any conclusion that at the time he sentenced the petitioner for the crime of 'conviction of three or more felonies prior to his conviction of rape in the first degree,' he also sentenced him upon the conviction of rape in the first degree."

Immediately before the sentence was imposed the state's attorney in his statement to the court said, in part: "Leaving out of consideration his prior record, in view of the brutality of the evidence in the rape case, *and (if) we had not had this prosecution, when the time came for sentencing in the rape case I would* have recommended to the court that the defendant be imprisoned for life." He concluded his statement by saying: "Therefore, your honor, *in this case, under the habitual criminal act, that is, for the conviction of three or more felonies,* it is the recommendation, my recommendation, that the defendant be imprisoned for life." What the state's attorney said shows clearly that he considered the matter before the court was the imposition of sentence upon the petitioner in the case "under the habitual criminal act, that is, for the conviction of three or more felonies," and that he had no idea that a sentence would be pronounced upon the verdict for rape in the first degree.

In view of what was said and done by the trial court in this case I am wholly at a loss to understand how it can be seriously contended that the petitioner was not sentenced for the alleged offense stated in the second information but was sentenced for the crime of rape.

I agree with Judge Burke, that the record in this case "shows, beyond any question that the judgment of conviction was pronounced against the petitioner upon an information which charged him with the 'crime of conviction of three or more felonies prior to his conviction of rape in the first degree,' and upon such information alone." And that it "is apparent upon the face of this record that both the state's attorney and the trial judge considered that the information filed under the habitual criminal statute charged a new crime and that the trial judge sentenced the petitioner for that alleged crime. The attorney for the defendant and the defendant, likewise, so understood the proceedings for the trial judge assured them that such was their nature."

I also agree with Judge Burke that the sentence and judgment are void. They were pronounced upon a plea of guilty to an information which did not charge or show the commission of a crime, but merely stated facts under which one found guilty of a specific offense in a separate criminal action may be more severely penalized because of previous convictions of a felony. Ex Parte Wray, supra; Ryan v. Nygaard, supra; Ex Parte Cress, 13 Wash2d 7, 123 P2d 767; Black v. Mahoney, 9 Wash2d 110, 113 P2d 1028; In Re Towne, 14 Wash2d 633, 129 P2d 230. The judgment or sentence set forth as part of the return of the warden as his authority for retaining the petitioner in custody shows that the petitioner is held in the custody of the warden under a void sentence and judgment, and hence that there is no authority in law for his restraint by the warden. NDRC 1943, 32–2217 (3, 4). However, the petitioner is not entitled to be released. At the time the petitioner was sentenced he was in the custody of the Sheriff of Cass County and incarcerated in the county jail pursuant to a prosecution on the charge of rape in the first degree and the verdict of guilty that had been returned against him in that case. He was being so held when the sentence was pronounced and the certified copy of the sentence and judgment delivered to the sheriff and by him in turn delivered to the warden of the State Penitentiary when he delivered the petitioner to the warden. Therefore, the defend-

ant should not be released but should be delivered into the custody of the Sheriff of Cass County and thereupon the district court should, and, of course, will perform its duty and pronounce sentence upon him pursuant to the verdict that was returned against him in the criminal case in which he was convicted of rape in the first degree. Such procedure is provided for by our statutes (NDRC 1943, 32–2218) and has been followed in other jurisdictions. Blake v. Mahoney, supra; In Re Cress, supra; and In Re Towne, supra.